UNITED STATES, Appellee

v

TED E. MARTIN, Private E–2, U. S. Army, Appellant

9 USCMA 84, 25 CMR 346

No. 10,292

Decided March 28, 1958

*W. J. Robinson, Esquire*, and *Major Edward Fenig* argued the cause for Appellant, Accused.

*First Lieutenant Avram G. Hammer* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel John G. Lee, Lieutenant Colonel Thomas J. Newton, First Lieutenant Richard W. Young,* and *First Lieutenant Robert L. Spatz.*

## Opinion of the Court

HOMER FERGUSON, Judge:

This appeal presents the narrow question of whether the staff judge advocate's review was rendered inadequate by reason of the fact that it failed to apprise the convening authority of the results of two lie detector tests which were administered to the accused. For the reasons hereinafter stated, we hold that under the circumstances here present the review was not rendered inadequate by such omission.

In September 1956, the accused was convicted by a general court-martial

84

convened at Fort Hood, Texas, of wrongful appropriation of a Government rifle and three specifications of obstructing the mails, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 USC §§ 921 and 934, respectively. There is no issue presented concerning the sufficiency of the evidence to sustain the conviction of the offenses charged. Prior to trial, the accused voluntarily submitted to a lie detector test given by the Criminal Investigation Detachment at Fort Hood, Texas. The results of this test indicated that the accused's responses to questions concerning the mail offenses were untruthful, while his statements in reference to the wrongful appropriation offense were truthful. He later subjected himself to another polygraph examination, this time administered by the Texas Department of Public Safety at the behest of his civilian counsel. The results of this latter test were in conflict with those of the first. It concluded that the accused's story contained no reactions to indicate untruthfulness on his part in respect to the mail offenses. This second test, however, failed to indicate that the accused was examined with reference to the taking of the rifle. The post-trial review, pursuant to Article 61 of the *Code*, contained no mention of the results of either test although it is reasonable to assume that such results were known to the staff judge advocate at the time he prepared the review. The post-trial advice, however, did contain a complete and exhaustive analysis of the evidence presented to the court-martial. The recommendations of the staff judge advocate concerning both findings and sentence were adopted by the convening authority in taking his action. The board of review, in considering the issue now asserted before this Court, held that it was not prejudicial error for a staff judge advocate "to fail to inform a convening authority of the 'results' of two such conflicting and inconclusive 'tests' as are presented here." We believe the board's holding is correct.

In the case of United States v Fields, 9 USCMA 70, 25 CMR 332, we defined the areas in which the convening authority's power extends over findings and sentence. We said that while acting in his discretionary area, he may disapprove a court-martial's findings and sentence or any part thereof for any reason. Article 61 of the *Code*, supra, 10 USC § 861. However, in acting to approve the court-martial's findings, he is bound by the record of trial. United States v Duffy, 3 USCMA 20, 11 CMR 20. The appellant, as well as the Government, relies heavily upon our decision in United States v Massey, 5 USCMA 514, 18 CMR 138. The circumstances presented in that case are similar to a certain extent to those found in the case at bar. There, the staff judge advocate was in possession of the results of a lie detector and sodium pentothal test, which results were entirely favorable to the accused on the issue of his guilt or innocence of the offenses charged. In his post-trial review, the staff judge advocate discussed the results of these tests but advised the convening authority that he could not consider them in exercising his discretion to set aside the court-martial's findings of guilt. We held that such advice was erroneous. Although recognizing the "fallibility" of lie detector and truth serum tests and their general exclusion by civilian and military courts alike, we could see "no basis whatever for the suggestion that a convening authority, who may lawfully disapprove findings or sentence 'for *any* reason,' cannot permissibly utilize 'lie detector' or 'truth serum' results in determining on a course of action." The precise question for our consideration, therefore, is whether there is imposed upon a staff judge advocate the affirmative duty to consider in the review and invite the convening authority's attention to matters derived from sources outside the record of trial which are favorable to an accused. We cannot conceive of the imposition of such a duty.

It is entirely a matter within the discretion of the staff judge advocate whether or not to include in the review a discussion of matters obtained from sources outside the record which may be considered favorable to an accused. To hold otherwise, would be to impose an insufferable burden upon a staff

85

judge advocate to cause an investigation to be conducted at the conclusion of every court-martial for the purpose of uncovering matters—not previously presented at trial before the court-martial—which may conceivably be beneficial to the accused. We are not prepared to sanction principles which must lead to such results. Furthermore, to adopt the position urged by appellant would have the effect of completely undermining the findings reached by a legally constituted tribunal provided for by Congress. An accused is entitled to his day *in* court, but not to a day *in and out* of court. Congress recognized the dignity to be accorded a court-martial's judgment by providing that "the proceedings, findings, and sentences of courts-martial as approved, reviewed, or affirmed as required by this chapter, . . . are *final and conclusive.* . . . and all action taken pursuant to those proceedings are binding upon all departments, courts, agencies, and officers of the United States," (emphasis supplied) subject only to action upon a new trial, pursuant to Article 73, Uniform Code of Military Justice, 10 USC § 873, and to action by the Secretary of a Department as provided in Article 74 of the *Code,* 10 USC § 874. Article 76 of the *Code,* supra, 10 USC § 876.

There is still another equally compelling reason why the appellant's contention cannot prevail. It would be virtually impossible for this Court to circumscribe with any degree of definiteness the responsibility of the staff judge advocate in this area. A few examples will sufficiently illustrate the absurd lengths to which adoption of such a principle could lead. What if a staff judge advocate had overheard by peradventure or had received through anonymous channels information which, though favorable to an accused, would hardly ascend to the level of hearsay. Should such matters be brought to the commander's attention? Again, suppose that the information received by the staff judge advocate is, as in the instant case, both favorable and unfavorable to the accused. Should the convening authority only be informed of the favorable information? Proceed-

ing one step further, suppose that the information does not come directly to the staff judge advocate's attention, but that he is told where such information can be obtained. Is the staff judge advocate under a duty to independently investigate the source of such information and then subsequently bring it to the attention of the convening authority? We believe the answers to these questions are too patent to require exposition. Of course there is nothing to prevent defense counsel from submitting a post-trial brief setting forth such matters as he feels should be considered in accused's behalf on review. In fact, Article 38(c) of the *Code,* supra, 10 USC § 838, expressly provides for such procedure. See also paragraph 48*j*(2), Manual for Court-Martial, United States, 1951. In speaking of this codal provision, as it relates to factors having relevance on the question of sentence, we said in United States v Lanford, 6 USCMA 371, 20 CMR 87, that:

"The Code does not describe the nature of the matters which may be noted in defense counsel's post-trial brief. Neither does it directly indicate to whom the brief should be forwarded. However, it is clearly inferable that the brief may include factors relating to the sentence and that it is to be forwarded to the convening authority."

If defense counsel in the instant case had desired that the results of the lie detector tests be considered by the convening authority, he should have submitted them in a brief. His failure to do so, however, does not shift the burden of doing so to the staff judge advocate.

In interpreting our holding in this case, we are not to be understood as limiting in any manner the right of a staff judge advocate in the sound exercise of his discretion from bringing matter favorable to an accused to the convening authority's attention. All we hold is that there is no *duty* imposed upon him by law to do so. There may well be situations where the nature of the matters which have come to the staff judge advocate's attention are of such quantity and quality and from such

reputable sources that to deprive the convening authority of the benefit of such information might possibly result in a miscarriage of justice. Of course in such situations, the staff judge advocate will be expected to bring such matters to the convening authority's attention for it should be clearly understood that he shares, together with the convening authority, the responsibility of insuring that substantial justice be done. United States v Gunnels, 8 USCMA 130, 23 CMR 354. The case before us, however, falls far short of measuring up to such a test. It should also be obvious from our holding in *Massey,* supra, that if a staff judge advocate elects to consider outside matter in his review, he must not convey the impression that the convening authority would err in law if he were to consider such matters in determining his action. From what we have said, it follows that the board of review was correct in holding that the staff judge advocate did not commit error in failing to inform the convening authority of the results of the two lie detector tests.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge LATIMER concur.