UNITED STATES, Appellant

v

ADOLPH ARMBRUSTER, Airman First Class,
U. S. Air Force, Appellee

11 USCMA 596, 29 CMR 412

No. 13,948

Decided July 1, 1960

*Colonel John F. Hannigan* argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel Francis R. Coogan.*

*Lieutenant Colonel James L. Kilgore* argued the cause for Appellee, Accused.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A general court-martial convicted the accused of assault with a dangerous weapon, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928, and sentenced him to confinement at hard labor for one month, forfeiture of two-thirds pay per month for six months, and reduction to the grade of airman second class. The convening authority approved the findings and the sentence, but modified the latter by changing the forfeiture part to a specific amount of $94.00 per month for six months.

When the record of trial was received in the office of The Judge Advocate General of the Air Force for further review, it was referred by The Judge Advocate General to a board of review, in accordance with the provisions of Article 69, Uniform Code of Military Justice, 10 USC § 869. The board of review noted that the sentence was "legal on its face," but a majority concluded it could not affirm confinement and reduction to a grade other than the lowest enlisted grade. In reaching its conclusion, the majority took judicial notice of a ruling by the Comptroller General to the effect that under the provisions of paragraph 126*e* of the Manual for Courts-Martial, United States, 1951, an enlisted person sentenced to confinement is automatically reduced to the lowest enlisted pay grade, on an administrative basis.

The ruling of the Comptroller General was made in response to a request by the Department of Defense, after our decision in United States v Simpson, 10 USCMA 229, 27 CMR 303, in which we held that paragraph 126*e* of the Manual is judicial, not administrative in nature, so that a sentence to confinement does not automatically reduce an accused to the lowest enlisted grade. The board of review observed that the Comptroller General's ruling was made the basis of an Air Force policy to pay an accused an amount no greater than that of the lowest enlisted grade, notwithstanding that the court-martial sentence provides for a reduction to an intermediate grade. According to the board of review, and the Government's brief, the policy of payment at the reduced rate is to continue until the Court of Claims hands down a decision in the pending case of Johnson v United States, Court of Claims No. 224–59, May 28, 1959. We are informed that the Government contends in the *Johnson* case that the decision of this Court in *Simpson* is not binding upon the Court of Claims, and that paragraph 126*e* of the Manual is administrative not judicial in operation and effect.

·Under the provisions of Article 66 (b)(2), Uniform Code of Military Justice, 10 USC § 866, The Judge Advocate General of the Air Force forwarded the case to this Court requesting consideration of the following questions:

(a) "Was the Board of Review correct in holding that under the cir-

cumstances of this case the effect of the Comptroller General's Decision No. B 139 988, dated 19 August 1959, is to render the sentence to reduction to an intermediate grade and to confinement mutually inconsistent?"

(b) "Was the Board of Review correct in holding that in the setting of this case it was prejudicial error for the law officer not to give sua sponte instructions on the effect of the Comptroller General's Decision No. B 139 988?

(c) "Was the Board of Review correct in holding that the effect of the Comptroller General's Decision No. B 139 988 operates as a matter of law to punish the accused here beyond the adjudged and approved sentence and thus required remedial action?"

(d) "Did the conveying authority err in converting the forfeitures adjudged in fractional terms to an amount permissible for the grade to which the accused was expressly reduced, but excessive for the amount of pay actually credited in view of the Comptroller General's Decision No. B 139 988?"

This Court was created by Congress to sit in review of courts-martial on matters of law. Article ■ 67, Uniform Code of Military Justice, 10 USC § 867. In essence, it is the Supreme Court of the military justice system. Our decisions are binding upon the military. And, subject only to review by the Supreme Court of the United States on constitutional issues, our decisions are also binding "upon all departments, courts, agencies, and officers of the United States." Article 76, Uniform Code, 10 USC § 876; Burns v Wilson, 346 US 137, 97 L ed 1508, 73 S Ct 1045; 346 US 844, 98 L ed 363, 74 S Ct 3. In the *Simpson* case we held that the Manual for Courts-Martial purports to be in execution of the President's power to prescribe the procedure for courts-martial, in accordance with Article 36 of the Uniform Code, 10 USC § 836, and also delineates the limits of punishment, pursunt to the President's authority under Article 56 of the Uniform

**598**

Code, 10 USC § 856. Speaking specifically of paragraph 126e we said that the "provision is so interwoven with the courts-martial process that it cannot be regarded as anything but *judicial* in purpose and effect. As a judicial act, it operates improperly to increase the severity of the sentence of the court-martial." (Emphasis supplied.)

Construing provisions of the Manual for compliance and conformity with the Uniform Code is the responsibility of this Court. ■ United States v Clark, 1 ■ USCMA 201, 2 CMR 107; United States v LaGrange, 1 USCMA 342, 3 CMR 76; United States v Rosato, 3 USCMA 143, 11 CMR 143. Unless Congress changes the law, our decisions, like those of the Supreme Court of the United States, set out the governing principles. Congress has made it the duty of The Judge Advocate General of each service to effectuate the mandate of this Court in the particular case. Article 67(f), Uniform Code of Military Justice, supra. But it is the responsibility of every person in the armed forces concerned with military justice to adhere to settled principles of law. Indeed, a knowing and intentional failure to enforce or to comply with these principles may constitute a violation of Article 98 of the Uniform Code, 10 USC § 898. We find no authority in the statutory powers of the Comptroller General to disregard a decision of this Court in a matter relating to courts-martial and the Uniform Code of Military Justice, 31 USC § 41, *et seq*. Be that as it may, a ruling by an agency or officer of the Government relating to the powers of a court-martial; which is contrary to the decisions of this Court, has no place in a court-martial proceeding. We agree with dissenting Member Baker below that the Comptroller General's opinion "should not be injected into . . . [the] proceedings so as to read inconsistency into a sentence," which has been sustained by this Court. The board of review, therefore, erred in concluding that the law officer should have instructed *sua sponte* on the effect of the Comptroller General's decision on the accused's right to pay. We an-

swer question "b" in the negative. This answer makes it unnecessary to consider the other questions.

The period of confinement adjudged by the court-martial had expired by the time of the board of review's action. The board of review indicated it proposed "to insure that the accused does not lose" as a result of the conflict between this Court's opinion in *Simpson* and the Comptroller General's opinion, and it affirmed a sentence which did not include confinement. We have no disposition to interfere with the board of review's reassessment of the sentence. Accordingly, it is unnecessary to return the record of trial to it for further proceedings. Its decision is, therefore, affirmed.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

While I dissented in United States v Simpson, 10 USCMA 229, 27 CMR 303, that decision fixed the law for military tribunals and all echelons in the military judicial system should follow it unhesitantly. I, therefore, believe the board of review erred when it sought to create a legal conflict in military law by taking judicial notice of a ruling by the Comptroller General. If, under conditions known to it, a board of review concludes that the sentence confirmed by a convening authority is inappropriate as a matter of fact, it has the power under Article 66, Uniform Code of Military Justice, 10 USC § 866, to reduce the sentence to a level which it deems fair and just. However, it commits legal error which can be reviewed by us if it bases its reduction on a mistake of law, and that is the situation which confronts us in this case.

I part company with my associates on the failure to answer the other certified questions. I make this observation for they only hold that the failure of the law officer to instruct the court-martial *sua sponte* on the effect of the Comptroller General's ruling was not error. I go further and contend that the board of review committed original errors at its own level when it supported its other conclusions by the same ruling. Unless we so indicate we do not fix the law for appellate agencies. For that reason, I would answer all the certified questions in the negative.

While ordinarily my determination of the certified issues would require that the case be remanded for reconsideration by the board of review, I agree that under the circumstances of this case such action would not change the result and is therefore unnecessary. Accordingly, I join my associates in affirming the board's decision.