UNITED STATES, Appellant

v

JAMES J. PASKE, Staff Sergeant, U. S. Air Force, Appellee

11 USCMA 689, 29 CMR 505

No. 14,095

Decided July 22, 1960

*Major Simpson M. Woolf* argued the cause for Appellant, United States. With him on the brief was *Colonel John F. Hannigan.*

*Major Quincey W. Tucker, Jr.,* argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Colonel James L. Kilgore.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was tried and convicted by special court-martial for the commission of six separate larcenies proscribed by Article 121, Uniform Code of Military Justice, 10 USC § 921. He was sentenced to a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $43.00 per month for the same period of time, and reduction in grade to airman basic. The convening authority approved; however, the officer exercising general court-martial jurisdiction lessened the

punishment and approved only a bad-conduct discharge, forfeiture of $43.00 per month for three months, confinement at hard labor for that period, and reduction to the intermediate grade of airman first class. Furthermore, he suspended the execution of the bad-conduct discharge for the period of confinement and one year thereafter with a proviso for automatic remission. The case came on for hearing before the board of review, and it ordered the record returned to The Judge Advocate General of the Air Force for reference to the reviewing authority for another review at that level. The board reasoned that the staff judge advocate's review of the record was incomplete and confusing in that it failed to inform the reviewing authority of the force and effect of the Comptroller General's Decision No. B 139 988, August 19, 1959, which questioned the ruling of this Court in United States v Simpson, 10 USCMA 229, 27 CMR 303, and allied cases. The Judge Advocate General of the Air Force thereupon certified the record to us for a determination of the question of whether the board of review was correct in requiring a new review for the reason stated.

In United States v Armbruster, 11 USCMA 596, 29 CMR 412, just recently decided, we held that there was no requirement on a law officer to instruct a court-martial on the effect of the Comptroller General's opinion. The rationale of that case is dispositive of the one at bar. The law in the military is fixed by the decisions of this Court, and the rulings of administrative agencies, departments or other courts should not be interjected into the proceedings when the only purpose they serve is to read inconsistency into a perfectly legal sentence. Conceding for the purpose of argument that an accused may suffer some loss by valid or invalid administrative rulings or as a consequence of his conviction, all reviewing authorities with power to determine the appropriateness of sentence can take into account existing administrative sanctions when they make their own independent determination of the punishment which they believe to be fair and just. By way of illustration, the board

of review in the case at bar could have cured the ills it sought to have the reviewing authority remedy by concluding on the facts of this record that only the imposition of forfeitures and reduction to intermediate grade was appropriate. To bring about the results hoped for by the board would require the officer exercising general court-martial jurisdiction to take the same action.

As previously stated, we have already held there is no duty placed on the shoulders of a law officer to inform the court members about resultant consequences flowing from severe sentences including punitive discharges or a period of confinement, and the same reasoning can be applied to staff judge advocates. However, that is not to say that the latter is not free to mention any matter in his review which he considers helpful to the reviewing authority. All we hold is that under the law he is not duty bound to do so. Accordingly, the certified question is answered in the negative.

The record is returned to The Judge Advocate General of the Air Force with directions to return to a board of review for the purpose of reconsidering the appropriateness of sentence in the light of this opinion.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring):
I concur.

While I agree with Judge Latimer's rationale, I feel it necessary once again to direct the attention of trial defense counsel to the fact that his duty to his client does not end with the adjournment of the court-martial. United States v Martin, 9 USCMA 84, 25 CMR 346; United States v Lanford, 6 USCMA 371, 20 CMR 87. Under the provisions of Uniform Code of Military Justice, Article 38, 10 USC § 838, he is expressly authorized to file a brief with the convening authority, and it may bring to that officer's attention the effect of various administrative rulings upon the sentence. United States v Lanford, supra. Thus, in situations like that which is now before us, an obvious remedy is avail-

able in the event that the staff judge advocate does not discuss the effect of the Comptroller General's opinion in the post-trial review. Indeed, I deem it counsel's duty so to act on behalf of his client.

As the principal opinion points out, however, the board of review also possesses full powers in relation to the sentence. Hence, if it deems the punishment approved inappropriate in light of the refusal by finance personnel to accord effect to our decision in United States v Simpson, 10 USCMA 229, 27 CMR 303, it may exercise its authority to afford the accused proper relief.