UNITED STATES, Appellee

v

STEPHEN J. DOLAN, Private, U. S. Marine Corps, Appellant

17 USCMA 476, 38 CMR 274

No. 20,811

April 5, 1968

*Frank J. McGee, Jr., Esquire,* was on the pleadings for Appellant, Accused.

*Lieutenant William A. Carnahan,* USNR, was on the pleadings for Appellee, United States.

### Opinion of the Court

PER CURIAM:

Convicted of willful damage of Government property, in violation of Uniform Code of Military Justice, Article 108, 10 USC § 908, and two counts of aggravated assault by throwing grenades into the Staff Noncommissioned Officers' Club and certain officers' living quarters, in violation of Code, supra, Article 128, 10 USC § 928, the accused was sentenced to bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for two years. With certain exceptions not pertinent here, intermediate appellate authorities affirmed. We granted accused's petition for review upon a number of assignments of error.

Examination of the record discloses that the prosecution erroneously sought to bolster the credibility of its principal witness by proof that he offered, during a preliminary investigation, to undergo a polygraph examination. In addition, it appears the board of review, in making its findings of fact, likewise relied improperly on such evidence as establishing the witness' truthfulness. See United States v Ledlow, 11 USCMA 659, 29 CMR 475, and United States v Massey, 5 USCMA 514, 18 CMR 138. In addition, highly prejudicial hearsay was received as to conversations between the same witness and one Newcome as to their suspicions of the accused and the probability of his guilt; and during cross-examination of the accused, trial counsel, without establishing any foundation therefor, accused Dolan of also spraying a staff tent with machine gun rounds. See United States v Hubbard, 5 USCMA 525, 18 CMR 149. Finally, the law officer's instructions on maximum sentence were prejudicially insufficient in that they were limited to the maximum punishment imposable and the mechanics of voting. See United States v Wheeler, 17 USCMA 274, 38 CMR 72.

In light of the foregoing, the decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.