UNITED STATES, Appellee

v

JOHN T. LOWERY, Private, U. S. Marine Corps, Appellant

19 USCMA 245, 41 CMR 245

No. 22,593

February 20, 1970

*Lieutenant Donald B. Brant, Jr.*, JAGC, USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Thomas F. Bastow*, JAGC, USNR, was on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Of the eight charges of which the accused was originally convicted by special court-martial, only two have survived appellate review.[1] The accused pleaded guilty to one of these charges (Additional Charge II and its specification). The specification of this charge alleges that ■ the accused violated a brig order against "contraband" by "smuggling two cigarettes into his cell." There is, however, substantial evidence to indicate that the guard stopped the accused before he entered the cell. It may be that the accused actually violated the regulation, but the evidence indicates he did not do the act alleged in the specification. As far as it appears from the record, the plea was inconsistent with the evidence, and it should have been vacated. United States v Stewart, 19 USCMA 58, 41 CMR 58 (1969).

The remaining charge (Charge II and its specification), to which the accused pleaded not guilty, alleged willful destruction of a chain valued at $1.00. The evidence indicated a link of the chain was bent "outward more or less from the center so that the link could just slip right out," and on this evidence the court-martial convicted the accused of "damaging" the chain. We need not try to plot a course through evidence that is now largely irrelevant to determine whether these findings of guilty are supportable. Neither need we consider whether the court of Military Review intended to affirm the findings of guilty of specification 3, Additional Charge I. The abundance ■ of errors and irregularities, which have already been deemed sufficient to require reversal of at least six of the eight charges, convinces us that the entire proceedings fell far short of according the accused a fair trial. United States v Dolan, 17 USCMA 476, 38 CMR 274 (1968); United States v Yerger, 1 USCMA 288, 3 CMR 22 (1952).

The decision of the court of military review is reversed. The findings of guilty and the sentence are set aside, and all the remaining charges are ordered dismissed.

---

[1] The decision of the Court of Military Review affirmed only two specifications, but its opinion leaves some doubt as to whether it actually intended to disapprove specification 3, Additional Charge I. The specification alleged an assault upon a guard in the execution of his office. The evidence indicated that while taking a shower, the accused performed a "side-kick" causing water to splash on the guard. In its findings, the court-martial excepted the allegation that the victim was in the execution of his office.