JEFFREY C. MYERS, Corporal U. S. Marine Corps, Petitioner

v

UNITED STATES, Respondent

Miscellaneous Docket No. 74-2

January 23, 1974

Misc Doc, not reported below.

*Lieutenant Stephen T. Myking,* JAGC, USNR, counsel for Petitioner.

## MEMORANDUM OPINION OF THE COURT

On the basis of his pleas of guilty, a military judge, sitting as a general court-martial upon the written request of petitioner,[1] convicted petitioner of wrongful possession of drug paraphernalia in violation of a lawful general regulation[2] and of wrongful possession and sale of a quantity of heroin.[3] A sentence to dishonorable discharge, total forfeitures, confinement at hard labor for 18 months, and reduction to E-1 was imposed. The convening authority approved the findings, but ordered a rehearing on the sentence when it appeared that a malfunctioning recording device precluded the preparation of a verbatim record of the presentencing procedures. At the rehearing, a sentence of dishonorable discharge, total forfeitures, confinement at hard labor for 12 months, and reduction to E-1, was adjudged. Upon review, pursuant to a pretrial agreement, the convening authority reduced the confinement to 6 months, and the forfeitures to $204.00 per month for 6 months, but otherwise approved the sentence as adjudged. The United States Navy Court of Military Review affirmed the sentence, as modified, and the accused petitioned this Court for review.

By order dated July 31, 1973, this Court denied the petition for review. That action finalized the proceedings.[4]

Petitioner now submits a "Petition for Extraordinary Relief in the Nature of a Writ of Error Coram Nobis." He avers that subsequent to the rehearing described above, his appointed defense counsel returned to the United States from Okinawa, the situs of the trial, and thus, he was denied the right of counsel at the time of the convening authority's review of the record of his trial. Al-

---

[1] Article 16(1)(B), Uniform Code of Military Justice, 10 USC § 816(1)(B).

[2] Article 92, Uniform Code of Military Justice, 10 USC § 892.

[3] Article 134, Uniform Code of Military Justice, 10 USC § 934.

[4] Article 76, Uniform Code of Military Justice, 10 USC § 876.

though he requested an appointment with the convening authority, he felt it necessary to consult with counsel prior to such appointment. When counsel was not appointed, he cancelled his request.

While the case was pending before the Court of Military Review, petitioner was represented by qualified appellate counsel. The question now sought to be raised was not urged before that tribunal although it is clear from his present allegations that petitioner was aware of the problem. The same appellate defense counsel represented petitioner in the presentation of his petition before this Court. Two assignments of error, neither of which touched upon petitioner's present claim, were urged.

Although counsel for an accused may direct the convening authority's attention to particular areas of concern, including clemency matters, and may file a brief in support of any error he believes occurred during the course of trial, he is not required to do so unless, in his professional judgment, such action is required.[5] Nor is the convening authority required, in every case, to grant an accused or his counsel an interview prior to acting upon the record of trial. In the instant case petitioner points to no area of the trial proceedings tending to cast doubt upon the validity of either the findings or the sentence, nor has he presented any matter not before the trial court which he desired the convening authority to consider before acting upon the record of trial.

Having failed to raise matters known to him during the normal course of appellate review, and having failed to allege any valid reason for that omission or to suggest any possibility of a miscarriage of justice, petitioner has not shown any basis for the relief he now seeks.

Accordingly, the petition is dismissed.

[5] United States v Martin, 9 USCMA 84, 25 CMR 346 (1958); United States v Lanford, 6 USCMA 371, 20 CMR 87 (1955); para 48*k,* Manual for Courts-Martial, United States, 1969 (Rev.).