UNITED STATES

v.

**Raul Carmelo BRAS, 114 42 1579, Electronics Technician Third Class (E–4), U. S. Navy.**

NCM 77 0188.

U. S. Navy Court of Military Review.

5 May 1977.

638

LT Paul C. Hurdle, III, JAGC, USNR, Appellate Defense Counsel.

LT Michael C. Farrow, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and GLASGOW, JJ.

GLASGOW, Judge:

Contrary to his plea, the appellant was found guilty of forcible sodomy[1] and assault with intent to commit sodomy, in violation of Articles 125 and 134, UCMJ, 10 U.S.C. §§ 925 and 934, and sentenced by military judge, sitting alone as a general court-martial, to a bad conduct discharge, confinement at hard labor for 18 months, forfeiture of $300.00 pay per month for 18 months and reduction to pay grade E–1. The sentence has been approved on review below.

The appellant assigns the following as errors:

I. THE STAFF JUDGE ADVOCATE WAS DISQUALIFIED FROM SUBMITTING A POST–TRIAL REVIEW SINCE HIS PRETRIAL ADVICE WAS ATTACKED AT TRIAL. *UNITED STATES V. ENGLE*, 24 U.S.C.M.A. 213, 51 C.M.R. 510, 1 M.J. 387 (1976).

II. BOTH THE PRETRIAL ADVICE AND THE POST–TRIAL REVIEW ARE PREJUDICIALLY DEFICIENT, ERRONEOUS AND MISLEADING IN, AMONG OTHER THINGS, FAILING TO ADVISE THE CONVENING AUTHORITY OF THE RESULTS OF APPELLANT'S EXCULPATORY POLYGRAPH EXAMINATION. *UNITED STATES V. MASSEY*, 5 U.S.C.M.A. 514, 18 C.M.R. 138 (1955).

III. TRIAL DEFENSE COUNSEL, TO APPELLANT'S SUBSTANTIAL PREJUDICE, WAS NOT SERVED A COPY OF THE RECORD OF TRIAL PRIOR TO CONVENING AUTHORITY'S ACTION. *UNITED STATES V. CRUZ–RIJOS*, 24 U.S.C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976); *UNITED STATES V. GOODE*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

IV. APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL.

V. APPELLANT WAS DENIED EFFECTIVE POST–TRIAL ASSISTANCE OF COUNSEL. *UNITED M.A.* 222, 54 C.M.R. 549, 2 M.J. 86 (1977).

VI. THE EVIDENCE OF RECORD IS INSUFFICIENT TO SUPPORT THE APPROVED FINDINGS OF GUILT BEYOND A REASONABLE DOUBT.

I

■ We find no merit in the first assignment. In *Engle*, cited by the appellant, the adequacy of the pretrial advice, at the time it was given, was contested at trial. There, in his post-trial review, the staff judge ad-

---

1. The appellant entered a plea of guilty to the lesser included offense of consensual sodomy.

vocate was required to determine the adequacy of his pretrial advice. In the case *sub judice*, unlike *Engle*, it was agreed that the pretrial advice had been complete at the time it was made. At trial the defense had moved for new pretrial advice to add the polygraph examination, information that had not been in existence at the time the pretrial advice had been given. It is not indicated that the defense had requested the staff judge advocate, prior to trial, to renew his pretrial advice to include the results of the polygraph examination.

In his post-trial review here, the staff judge advocate was required to determine whether the trial judge had ruled correctly in his denial of the defense motion to return the case for new pretrial advice which would include the information not available at the time the first advice was given. The staff judge advocate here was required to rule on the adequacy of the acts of the trial judge, not on the adequacy of his own handiwork. We find that he was not disqualified to make the post-trial review.

## II

We find merit in that portion of the second assignment which contends that the staff judge advocate's post-trial review is deficient and return the case for a new review and new action by the convening authority. We do not here consider the other assignments.

This case was properly referred to trial on 24 June 1976. Thereafter, on 4 August 1976, the appellant was administered a polygraph examination by a special agent of the Naval Investigative Service, the results of which tended to corroborate the appellant's contention that the sodomy was consensual. At trial held on 9 September 1976, the defense moved for a new pretrial (Article 34) advice which would include the results of the polygraph examination. The military judge properly denied the motion.

In his post-trial review, the staff judge advocate advised the convening authority of the polygraph examination and its results, the trial motion and the judge's denial thereof. In his discussion, the staff judge

advocate stated "[T]he results of a polygraph are not admissible in evidence because the probative value of such results is highly questionable." (SJA, p. 10). He did not advise the convening authority whether or not he could consider the results of such a polygraph examination in his review of the case, although he did generally advise, "_ _ _ you have _ _ _ an absolute discretion to disapprove the findings of guilty or any part or all of the sentence." (SJA, p. 13).

In his response pursuant to *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), the defense counsel pointed out that the staff judge advocate's review, in effect, advised the convening authority that he could not consider the results of the polygraph examination for any purpose and failed to advise that it could be considered in the post-trial review. He also requested that the report of the polygraph examination be made a part of the record and that he be given a copy of the staff judge advocate's revised review. It does not appear that the staff judge advocate responded to the defense counsel's comment. A copy of the polygraph examination has not been included in the file submitted to this Court for review.

■ The Court of Military Appeals has spoken to the use of polygraph examinations on several occasions. The results are not admissible at trial. *United States v. Ledlow*, 11 U.S.C.M.A. 659, 29 C.M.R. 475 (1960). The results may not be used at any time to bolster the Government's case. *United States v. Dolan*, 17 U.S.C.M.A. 476, 38 C.M.R. 274 (1968). The staff judge advocate may, at his discretion, bring the results of a polygraph examination to the attention of the convening authority. *United States v. Martin*, 9 U.S.C.M.A. 84, 25 C.M.R. 346 (1958). The defense counsel may bring the results of a polygraph examination to the attention of the convening authority. *United States v. Martin, supra*. The convening authority has absolute discretion to disapprove the findings and sentence for any reason or for no reason and may consider the results of a polygraph examination or

other matters outside the record in connection with his exercise of that authority. *United States v. Fields*, 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958); *United States v. Bourchier*, 5 U.S.C.M.A. 15, 17 C.M.R. 15 (1954); *United States v. Massey*, 5 U.S.C.M.A. 514, 18 C.M.R. 138 (1955). It is error for the staff judge advocate to advise the convening authority that he cannot consider the results of a polygraph examination for any purpose. *United States v. Massey, supra.*

In the case *sub judice*, both the staff judge advocate and the defense counsel called to the convening authority's attention the results of the polygraph examination, but the latter was not advised what use, if any, he could make of the examination in his review. Although the staff judge advocate is not required on his own initiative to bring the exculpatory results of a polygraph test to the attention of the convening authority, we hold that under the circumstances of this case where the results are conveyed to the convening authority, they should then be explained by the staff judge advocate and he should affirmatively advise the convening authority as to what use he may make of the results in acting on the findings and sentence. Here the question of whether the sodomy was forcible or consensual rested upon the testimony of the appellant and the victim and the polygraph examination could influence the convening authority to make decisions favorable to the appellant. We find the staff judge advocate's review here to be prejudicially incomplete.

Accordingly, the action of the convening authority is set aside and the case is returned to the convening authority for a new review and action pursuant to Articles 60, 61 and 64, UCMJ.

Chief Judge CEDARBURG and Judge BAUM concur.