**UNITED STATES**

v.

**Staff Sergeant Joe D. JACKSON, Jr.,
FR 356–60–3629, United States
Air Force.**

**ACM S27017.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 31 Oct. 1985.

Decided 2 Feb. 1987.

Appellate Counsel for the appellant: Mr. Donald W. Brewer, Brackley, Northamptonshire, England. Colonel Leo L. Sergi, and Captain Timothy Malloy.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr., Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Lieutenant Colonel Morris A. Tanner, Jr. and Captain Henry J. Schweiter.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

**DECISION**

HODGSON, Chief Judge:

In a vigorously contested trial the appellant was convicted of a single allegation of marijuana use based on the presence of THC metabolites in his urine as confirmed by gas chromatography/mass spectrometry analysis. He denied using drugs at any time, and contended that his urine sample had been intentionally or unintentionally switched or tampered with, either during the collection procedures at RAF Greenham Common, England or after its arrival at the United States Army Testing Laboratory, Wiesbaden, Germany. Additionally, he offered extensive evidence as to his good character and reputation for truthfulness.

Appellate defense counsel have asserted 10 assignments of error, however, we deem it necessary to discuss only that relating to the disclosure to the members of the appellant's apparent refusal to submit to a polygraph examination. This disclosure came about during the government's cross-examination of Special Agent Larry J. Brown of the Office of Special Investigations. Brown was called by the defense to testify about the appellant's reaction to being told that a positive urinalysis had been received on him. The trial counsel concluded his cross-examination of Brown with the following questions apparently designed to highlight the premise that an accused is given every opportunity to present his side of the situation to the interviewer:

Q. Is there anything else you'd tell [an accused]?

A. Normally, we also offer—at some point if we get continuous denial we also offer the individual a polygraph.

Q. Was that accepted in this case?

A. No, sir.

Trial defense counsel made no immediate objection, but asked, at the conclusion of Brown's testimony, that the members be instructed to draw no inference from the

mention of a polygraph. The trial counsel opposed the instruction. The trial judge did not consider the disclosure "to be a serious error" and was "not even sure it require[d] much correction." He did, however, agree to tell the members "that there is no burden on the accused to prove his innocence by taking a polygraph." An instruction to this effect was provided.

The issue before us today has been discussed in earlier military decisions. Almost 30 years ago in *United States v. Cloyd*, 25 C.M.R. 908 (A.F.B.R.1958), we addressed a similar situation. In *Cloyd* the prosecution's case rested primarily on the testimony of one witness whom the accused testified was lying and who then offered substantial other evidence which tended to impeach the prosecution's witness. In rebuttal the prosecution called a special agent who testified that during the initial investigation of the offense, the prosecution witness submitted to a lie detector examination, but the accused refused to do so. In ordering a rehearing, we held that the right to refuse to take a lie detector test fell within the privilege against self-incrimination. Our brethren on the Army Court of Military Review ordered a rehearing on what was essentially the same factual circumstances as *Cloyd* in *United States v. Ortiz-Vergara*, 24 C.M.R. 315 (A.B.R.1957).

In general it has been held improper by both federal and state courts to admit evidence that an accused is unwilling to take a polygraph examination. *Bowen v. Eyman*, 324 F.Supp. 339 (D.C.Ariz.1970); *Duonnolo v. State*, 397 A.2d 126 (Del.Supr.1978); *Helton v. State*, 402 N.E.2d 1263 (Ind.1980); *State v. McGuire*, 272 S.C. 547, 253 S.E.2d 103 (1979); see also Annotation, *Lie Detector Test—Willingness*, 95 A.L.R.2d 819 (1963). The danger of such evidence is that the members will equate the refusal to be examined with guilt.

 Our reading of Agent Brown's testimony leads to only one conclusion—the appellant had been offered a polygraph examination, but refused to take it. The admission of such evidence was clearly wrong. We must now assess the prejudice flowing from this error. An improper disclosure of an accused's refusal to take a lie detector test will have a greater effect when made at a trial where the evidence is evenly balanced than when made where it is overwhelmingly adverse to him. The trial judge can, under some circumstances, cure the prejudicial effect flowing from such a disclosure. Here, however, the judge's remedial instruction was inadequate to the task.

The pivotal issue was the appellant's credibility for he had denied under oath any drug abuse and had put his character and truthfulness in issue. The government's case consisted of a laboratory report the results of which the appellant challenged. Under these circumstances his defense had to be severely undercut by the admission of evidence that he had been offered but refused to undergo a polygraph examination. This evidence linked with the trial judge's incomplete instruction cannot be considered harmless error. *United States v. Browder*, 19 M.J. 988 (A.F.C.M.R.1985). In our view, under the facts of this case, the reference to the appellant's refusal to undergo a lie detector test was so highly prejudicial as to deny him a fair trial. *Bowen v. Eyman, supra.* Accord *United States v. Dolan*, 17 U.S.C.M.A. 476, 38 C.M.R. 274 (1968).

We caution those who read this decision to do so narrowly, for we are not holding that every disclosure to the members of an accused's refusal to take a lie detector test is prejudicial error so as to require reversal of the conviction. Much depends on the assessment of a large variety of factors that will vary from trial to trial. A strong curative instruction by the trial judge coupled with an affirmance from each member that he or she is able to disregard any evidence of a refusal to take a lie detector test might well overcome the prejudicial effect of such a disclosure. Of course, the trial judge's remedy in this regard must be weighed in the context of the particular factual situation. For the reasons stated,

the findings of guilty and the sentence are set aside. A rehearing may be ordered.

Senior Judge FORAY and Judge HOLTE concur.