**UNITED STATES**

v.

**Private (E–2) Curtis L. EVANS, 966–00–3843, US Army, Company B, 2d Battalion, 1st Basic Combat Training Brigade, Fort Gordon, Georgia.**

**SPCM 12248.**

U. S. Army Court of Military Review.

Sentence Adjudged 11 May 1976.

Decided 18 Nov. 1976.

Appellate Counsel for the Accused: CPT Robert D. Jones, JAGC; MAJ Joe D. Miller,

**1044**

JAGC; LTC John R. Thornock, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Clement L. Hyland, JAGC; CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, Jr., JAGC; COL Thomas H. Davis, JAGC.

## OPINION OF THE COURT

COOK, Senior Judge:

Appellant was tried by a special court-martial, consisting solely of a trial judge, for four acts of possessing, and three occurrences of sale of, marijuana. All these crimes were alleged as violations of Article 134, Uniform Code of Military Justice (10 U.S.C. § 934). He pled guilty on all counts and the judge's findings were, predictably, in accord therewith. The approved sentence is noted above.

Our sole concern on appeal arises from the fact that on 5 July 1976 the trial counsel "authenticated" the record of trial "in [the] absence of [the] Military Judge. Authority: Para. 82f, MCM, 1969 (Revised.)" [1]

The cited paragraph from the 1969 version of the Manual for Courts-Martial does in fact authorize the trial counsel to authenticate the record of trial in the "absence" of the military judge, as does the basic statutory provision, i. e., Article 54(a) of the Uniform Code of Military Justice. The United States Court of Military Appeals, however, has placed a circumscription upon the ordinary meaning of the word "absence" when used in this context. In *United States v. Cruz-Rijos*, 24 U.S.C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976), that Court stated, in effect, that the judge's absence must create an "emergency situation" before the trial counsel would be permitted to substitute for the trial judge in fulfilling the judicial function of authentication.

This Court has been informed that in the instant case the trial judge's absence on 5 July 1976 from the trial site at Fort Gordon, Georgia, was occasioned by his earlier separation from the United States Army. On the date the "authentication" was accomplished, it appears the trial judge was at his civilian address in Kokomo, Indiana, approximately 500 miles distant.

The Court does not feel, however, in this era of reasonably certain delivery of written communications that the sheer distance that may be associated with an absence creates, without more, an emergency situation.

But, in this case there is another factor which the Court concludes does fashion such an exigency. Separation from the service normally places the separatee, both legally and emotionally, beyond the control and influence of the military establishment. The disciplinary considerations which formerly controlled his conduct, are, to all practical intentions, dissolved. The Army can make no demands on his time nor exact any requirements of him. Thus, the Army cannot be assured with any degree of certitude that the former judge will in fact perform the required authentication within an acceptable length of time, if ever.[2]

Thus we hold in this case that the separation of the trial judge from active service originated an absence which engendered an emergency situation permitting the trial counsel to invoke the "absence" provision of paragraph 82f, MCM, 1969 (Rev.).

The findings of guilty and the sentence are affirmed.

Judge DRIBBEN and Judge DeFORD concur.

---

1. The quote is excerpted from the explanation provided in the record beneath the trial counsel's autograph.

2. While in this case there was no 90-day post-trial *Dunlap* problem involved because the convening authority did not approve any confinement, there is nonetheless a requirement that the record be authenticated at some reasonable point in time. *United States v. Timmons*, 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973).