UNITED STATES

v.

Private (E–2) Reginald SUDLER, 221–38–0116, US Army, Company A, US Army Personnel Control Facility, US Army Training Center and Fort Dix, Fort Dix, New Jersey.

SPCM 11568.

U. S. Army Court of Military Review.

Sentence Adjudged 25 July 1975.

Decided 26 Nov. 1976.

Appellate Counsel for the Accused: CPT Michael P. La Haye, JAGC; CPT Lawrence E. Wzorek, JAGC; LTC John R. Thornock, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Nancy Battaglia, JAGC; CPT John F. DePue, JAGC.

## OPINION OF THE COURT

DeFORD, Judge:

At a trial before a military judge sitting as a special court-martial empowered to adjudge a bad-conduct discharge, the appellant, contrary to his plea, was convicted of absence without leave in violation of Article 86, Uniform Code of Military Justice (10 U.S.C. § 886) and received the approved sentence set forth above.

Upon appeal, appellate defense counsel urge that error was committed during the post-trial proceedings in that the trial counsel improperly authenticated the record of trial in the instant case in violation of the mandate in *United States v. Cruz-Rijos.*[1]

They also urge dismissal of the charge and its specification based upon the lay opinion of one of the appellant's former counsel that the appellant was not able to participate in his own defense during appellate proceedings and further, that appellant was unable to distinguish right from wrong. We are unable to agree with the allegations of appellate defense counsel for the reasons hereinafter set forth.

We will consider appellate defense counsel's assignments of error in reverse order.

### I

The appellant departed from his unit in Germany without permission on 19 November 1973. He returned to military control voluntarily at Fort Dix, New Jersey on 16 June 1975. After conviction in the case *sub judice,* he was involved in an additional incident in October 1975 which resulted in the preferral of court-martial charges. Appellant's appointed counsel in this subsequent matter sought his cooperation in requesting a psychiatric evaluation which appellant vigorously opposed. His hostility and lack of cooperation made it impossible to complete psychiatric procedures. The subsequent charges against appellant were ultimately dismissed and only the instant case is in issue before us.

Appellate defense counsel filed with us the affidavit of one of appellant's former counsel to the effect that the affiant and others could not effectively communicate with appellant because of their belief that he could not understand their conversations. In response to appellate counsel's motion, we directed the authorities at Fort Dix to convene a sanity board to inquire into the mental capacity and responsibility of appellant at the time of the offense of which he was convicted, at the time of trial, and now. Appellant with assistance of counsel made a sworn statement in which he waived any defense concerning sanity and again refused to participate in any psychiatric examination or sanity board proceedings. A sanity board was eventually convened before which appellant appeared. However, due to his refusal to cooperate, the board was unable to draw any conclusions and terminated the proceedings. The Office of The Surgeon General of the Army concurred in and approved the board's action.

An accused is initially presumed to be sane and to have been sane at the time of the alleged offense. This presumption authorizes the Court to assume that the

1. 24 U.S.C.M.A. 259, 51 C.M.R. 711, 1 M.J. 429 (1976).

accused was and is sane until evidence is presented to the contrary.[2]

Paragraph 122*b*(1) of the Manual states that different issues relating to the sanity of an accused may be raised in a variety of ways at any time during the trial and that the method of disposing of an issue depends upon the kind of issue and the manner in which it was raised. Paragraph 122*b*(2) further states that the actions and demeanor of the accused as observed by the Court or the bare assertion from a reliable source that the accused is believed to lack mental capacity may be sufficient to warrant inquiry of the Court. This provision of the Manual further states that a mere assertion that a person is insane is not necessarily sufficient to impose any burden of inquiry on the Court or to raise the issue of insanity.

Paragraph 124 of the Manual further admonishes convening or higher authority to take the action prescribed in paragraph 121 of the Manual before taking action on the record of trial when it appears from the record or otherwise that further inquiry as to the mental condition of the accused is warranted in the interests of justice, regardless of whether the question was raised at the trial or how it was determined if raised.[3]

The effect of the foregoing provision results in military law according insanity a "preferred status." [4] That principle and the procedures to effectuate it are designed to assure as complete a factual basis as possible for determination of the accused's mental capacity for the crime charged or his capacity to participate in his defense. Further, inquiry into the accused's mental condition is encouraged whenever it appears from the record that such inquiry is warranted "in the interests of justice," regardless of whether the question has been raised before.[5]

Here, the question of the appellant's sanity was raised for the first time on appeal. The military standard for determining whether insanity has been raised as an issue is set forth in paragraph 122*a* of the Manual:

". . . The accused is presumed initially to be sane and to have been sane at the time of the alleged offense. This presumption authorizes the court to assume that the accused was and is sane until evidence is presented to the contrary. When, however, some evidence which could reasonably tend to show that the accused is insane (120d) or was insane at the time of his alleged offense (120b) is introduced either by the prosecution or by the defense or on behalf of the court, then the sanity of the accused is an essential issue. . . ." [6]

This Court possesses the power and authority to evaluate the facts on the issue of mental responsibility and to consider evidence that occurred after trial.[7]

---

**2.** Paragraph 122*b*, Manual for Courts-Martial, United States, 1969 (Revised edition).

**3.** Paragraph 121 of the Manual provides in part as follows: "If it appears to any commanding officer . . . or to any investigating officer . . . , trial counsel, or defense counsel that there is reason to believe that the accused is insane (120d) or was insane at the time of the alleged offense (120b), that fact and the basis of the observation should be reported through appropriate channels in order that an inquiry into the mental condition of the accused may be conducted before trial. When the report indicates a reasonable basis for the belief, the matter will be referred to a board of one or more medical officers for their observation and report as to the sanity of the accused. . . . Such additional mental examinations may be directed at any stage of the proceedings as circumstances may require. . . ."

**4.** *United States v. Walker*, 20 U.S.C.M.A. 241, 43 C.M.R. 81 (1971); *United States v. Babbidge*, 18 U.S.C.M.A. 327, 329, 40 C.M.R. 39, 41 (1969).

**5.** *United States v. Walker, supra.* See also paragraph 124, Manual for Courts-Martial, United States, 1969 (Revised edition).

**6.** *See also United States v. Triplett*, 21 U.S.C.M.A. 497, 45 C.M.R. 271 (1972); *United States v. Lewis*, 14 U.S.C.M.A. 79, 33 C.M.R. 291 (1963).

**7.** *United States v. Burns*, 2 U.S.C.M.A. 400, 9 C.M.R. 30 (1953); *see also United States v. Triplett, supra; United States v. Thomas*, 13 U.S.C.M.A. 163, 32 C.M.R. 163 (1962); *United States v. Washington*, 6 U.S.C.M.A. 114, 19 C.M.R. 240 (1955).

We note from the appellate affidavits and statements filed by appellate defense counsel that the opinions expressed therein are the direct and proximate result of their inability to satisfactory communicate their recommendations and, in turn, gain the approval of the appellant for their appellate trial tactics to include an insanity allegation.[8] However, in the post-trial affidavits submitted by counsel there is included a statement by a psychiatric social worker which stated that he believes the appellant is suffering from a personality and character disorder.[9]

This Court in the interest of justice, ordered a sanity board convened and directed that the appellant appear before it. The appellant has consistently resisted any or all efforts to examine his psychiatric condition and has adamantly refused to appear, much less cooperate with the sanity board. When forced to appear pursuant to the order of this Court, the appellant refused to cooperate with the board to the point that any further efforts by that board to examine him were completely thwarted.

The Court has carefully considered all of the evidence of record which might bear on the issue before us and conclude that "some evidence which could reasonably tend to show the accused is insane" during appellate review, at time of trial or at the time of the commission of the offense has not been raised or shown by the motions, record, and/or other submissions of appellate defense counsel.[10] However, we believe a further comment is required on this point. The evidence of record is entirely consistent with regard to the appellant's

desire not to have his psychiatric condition examined or raise an insanity defense. We believe the appellant desired representation and assistance of counsel to defend him on the merits of his cases. When trial defense counsel sought to insist on exploring the possibility of an issue of mental competency, the appellant became disenchanted with his counsel. The evidence of record indicates that appellant only had nine years of formal education although while in the service he had acquired the equivalent of a high school diploma. Considering the appellant's formal education, age, training, experience, and the evidence of record before us, we find the appellant's behavior consistent and he appears to be a normal rational person. Accordingly, we find no error.

## II

Turning to the original assignment of error, we note from the record that the appellant's trial was terminated on 25 July 1975. The court reporter prepared the verbatim record of trial which was authenticated by the trial counsel on 12 August 1975. The trial counsel noted on the authentication page of the record of trial that his action of authentication was for the trial judge, "due to his absence." The Government has filed in this case the post-trial affidavit of the deputy staff judge advocate at Fort Dix, New Jersey.

This affidavit states in part that the military trial judge departed Fort Dix, New Jersey on 25 July 1975 and was placed on the Army retired list on 1 August 1975.

---

8. Pursuant to the provisions of the Manual, counsel have properly reported what they believe may amount to "insanity." They are to be commended for their action.

9. A personality and character disorder does not amount to a mental "disease, defect, or derangement" and evidence showing no more than behavioral abnormalities can provide no foundation for a defense of lack of mental responsibility. *United States v. Murph*, 13 U.S.C. M.A. 629, 33 C.M.R. 161 (1963); *United States v. Fleming*, 7 U.S.C.M.A. 543, 23 C.M.R. 7 (1957); *United States v. Smith*, 5 U.S.C.M.A. 314, 17 C.M.R. 314 (1954).

10. Even if the issue of sanity was in fact raised, it has been held that where an accused seeks to raise a defense of insanity and refuses to cooperate with a sanity board convened under the provisions of paragraph 121 of the Manual because such action would result in a violation of an accused's rights under Article 31, UCMJ, he must when requested or required, submit to a medical examination of his psychiatric condition as required by the board as a condition precedent to the presentation of such evidence. *United States v. Babbidge, supra.*

The affidavit further states that the military trial judge instructed the trial counsel to authenticate the records of those cases then pending transcription due to his "absence." The affidavit also states that the military judge in addition to being in a retired status on the date of authentication (12 August 1975), was in fact outside the continental United States during the month of August 1975.

Article 54(b), UCMJ, and paragraph 82f of the Manual permit the trial counsel to authenticate the record of trial in the event of the absence of the military judge. Recently, the United States Court of Military Appeals limited this authority to emergency situations.[11] The Court believed that the military judge should normally authenticate the record of trial in order to insure the verity of the record, the integrity of the judicial process and to preclude perceptions of impropriety in the authentication process.

In the case before us the military judge's retirement from the Army constituted an absence which created an emergency situation.[12] Thus it was permissible for the trial counsel to authenticate the record of trial in lieu of the military judge.

Accordingly, the findings of guilty and the sentence are affirmed.

Judge DRIBBEN concurs.

Senior Judge COOK absent.

---

11. *United States v. Cruz-Rijos, supra.*

12. *United States v. Evans,* 2 M.J. 1043 (A.C.M.R. 18 Nov. 1976).