UNITED STATES, Appellee,

v.

Sergeant First Class Willard J. GOAD, SSN 406–58–6150, United States Army, Appellant.

CM 436381.

U. S. Army Court of Military Review.

31 March 1978.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Carlos A. Vallecillo, JAGC, and Captain James J. Parwulski, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Lee D. Schinasi, JAGC, and Captain James W. Hewitt, Jr., JAGC, were on the pleadings for appellee.

Before CLAUSEN, CARNE and COOK, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

PER CURIAM:

On 10 January 1978, this Court affirmed the findings and sentence in the instant case after determining that the trial defense counsel had waived two alleged defects in the post-trial review. *United States v. Goode*, 1 M.J. 3 (C.M.A.1975); *accord United States v. Barnes*, 3 M.J. 406 (C.M.A.1977); *United States v. Morrison*, 3 M.J. 408 (C.M.A.1977); *United States ·v. Myhrberg*, 2 M.J. 534 (A.C.M.R.1976) (*en banc*).

In conjunction with a motion for reconsideration, the appellate defense counsel submitted an unrebutted affidavit from the trial defense counsel regarding the adequacy of the *Goode* service in this case. That affidavit and the record establish that the trial defense counsel was served with a copy of the Review of the Staff Judge Advocate on 19 July 1977. The affidavit further alleges, however, that the post-trial review that actually was presented to the convening authority, and which is attached to the record, was never served on the trial defense counsel and is different from the copy of the review which was served on him and receipted for on 19 July 1977. On 9 March 1978, this Court requested that the responsible command submit a copy of the review which was served on the trial defense counsel. That document was received by this Court on 21 March 1978, and it is now established that the amended review which is attached to the record was not served on the trial defense counsel.

■ By a comparative reading, we are now able to determine that the only material changes in the amended review were those made in response to a clemency petition filed on the appellant's behalf by the trial defense counsel on 26 July 1977, that is, after he received a copy of the original review. The staff judge advocate included in his amended review the bases for the clemency petition in their entirety and changed his recommendation to the conven-

ing authority, in accordance with that petition, to conform to the recommendation of the military judge that the bad-conduct discharge be suspended. We find that the action of the staff judge advocate in this case was analogous to an addendum prepared in order to conform the review to the request of the appellant. For the reasons stated in *United States v. Meyer*, 1 M.J. 755 (A.F.C.M.R.1975), we agree that an addendum to the review need not be served on trial defense counsel, and we find that, in this case, the service of the initial review satisfied the mandate of *Goode*.*

The alleged defects in the post-trial review, raised as error on appeal, related to those portions of the original review which remained unchanged by the subsequent amendment. Accordingly, because we find a proper *Goode* service of the initial review, we reaffirm our original opinion that any defects in the review were waived by the failure of the trial defense counsel to comment thereon.

We note also, as we did in our original opinion, that the trial counsel "authenticated" this record of trial on 19 July 1977,

because the trial judge was on leave and was not expected to return until 25 July 1977. The record does not reveal that there was an emergency situation that would justify the substitution of the trial counsel in this case, especially since the appellant was not in post-trial confinement. Therefore, authentication should have been accomplished by the trial judge. *United States v. Credit*, 4 M.J. 118 (C.M.A.1977); *United States v. Cruz-Rijos*, 1 M.J. 429 (C.M.A. 1976). Nevertheless, for the reasons expressed in *United States v. Sudler*, 2 M.J. 558 (A.C.M.R.1976), we accept the present authentication.

The decision of this Court in this case, dated 10 January 1978, is withdrawn. The findings of guilty and the sentence are AFFIRMED.

---

* We admonish staff judge advocates in the future to utilize a separate addendum to the review when confronted with this situation rather than to amend the review itself, so as to avoid the possible allegation of improper *Goode* service.