UNITED STATES, Appellant

v

RAYMOND W. JEMISON, Private First Class,
U. S. Army, Appellee

10 USCMA 472, 28 CMR 38

No. 12,871

Decided June 19, 1959

*First Lieutenant Stuart Goldstein* and *Lieutenant Colonel James G. Mc-Conaughy* argued the cause for Appellant and Cross-Appellee, United States. With them on the brief was *First Lieutenant George J. Miller*.

*Captain James A. Hagan* argued the cause for Appellee and Cross-Appellant, Accused. With him on the brief were *Lieutenant Colonel W. H. Blackmarr* and *Major Edward Fenig*.

## Opinion of the Court

HOMER FERGUSON, Judge:

Tried by general court-martial and found guilty of involuntary manslaughter, in violation of Article 119, Uniform Code of Military Justice, 10 USC § 919, the accused defends before this Court the conclusion of the Army board of review that the staff judge advocate's post-trial advice to the convening authority in his case was prejudicially inadequate in that it failed fully to set out the factors to be considered in determining what sentence should be approved.

On July 31, 1958, the accused, by his culpably negligent operation of a Government truck near Bad Mergentheim, Germany, caused the death of three persons in a multiple motor vehicle accident. At the trial, extensive evidence of his good character was introduced from both civilian and military sources, and the defense counsel made an unsworn statement in which he recounted the details of the accused's early civilian and military life. The court adjudged a sentence of bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for one year.

Following the trial, the staff judge advocate, in a six and one-half page review, carefully summarized the evidence, including matters received in extenuation and mitigation; discussed its implications; noted that the convening authority's power to disapprove the findings or sentence was conditioned only by the latter's discretion; included additional clemency information gained from a post-trial interview of the accused, and reached the following conclusion concerning the sentence:

"c. *Sentence.*

"In my opinion the sentence is appropriate for the offense of which accused has been convicted. The thoroughly criminal operation of a vehicle has resulted in the taken [sic] of three lives. In my opinion the sentence should be approved."

The convening authority approved the sentence.

The board of review concluded that the staff judge advocate erred in failing to discuss matters in his review bearing on the accused's possible rehabilitation, including the Department of the Army policy set forth in paragraph 3, AR 633–10, January 22, 1958, to the effect that the execution of a punitive discharge "will be suspended until release from confinement or until completion of appellate review, whichever is the later date, unless it positively appears that the accused is definitely unfit for restoration." The board ordered the record of trial referred to the convening authority now exercising jurisdiction over the accused for further review and a new action.

The Acting The Judge Advocate General of the Army certified to this Court the question whether the board of review was correct in holding that the clemency discussion in the staff judge advocate's review was inadequate.

The Government urges us to reverse the board of review's decision on the basis that the advice meets at least minimal standards. On the other hand, the accused agrues that the decision should be affirmed, as the board properly concluded that the post-trial review, as a matter of law, inadequately developed the clemency information on which the action of the convening authority must be based. For the reasons hereinafter set forth, we conclude that the contention of the United States is meritorious.

At the outset, we note that the problem confronting us herein concerns it-

**473**

self solely with the question of information on which to base a determination of the *sentence* to be approved. Thus, we need not inquire concerning the scope of the material which may be considered in determining the sufficiency of the findings of guilty.

Article 64 of the Code, supra, 10 USC § 864, directs a convening authority, in acting on the sentence of a court-martial, to "approve only . . . the sentence or such part or amount of the sentence, as he finds correct in law and fact and as he in his discretion determines should be approved." To assist the convening authority in the discharge of his responsibilities under Article 64, supra, Congress directed that the record of trial in every court-martial case be referred to his staff judge advocate or legal officer for the preparation of a written opinion concerning its sufficiency. Article 61, Code, supra, 10 USC § 861. The discussion of clemency factors in such a review is largely discretionary. United States v Fields, 9 USCMA 70, 25 CMR 332. However, it is axiomatic that the accused is entitled to a careful and individualized consideration by the convening authority of the appropriateness of the adjudged sentence. United States v Wise, 6 USCMA 472, 20 CMR 188. And if he is to receive any benefit from that right, the review must also concern itself with the problem of the sentence, for it indubitably forms the basis of the convening authority's action in most cases. United States v Barrow, 9 USCMA 343, 26 CMR 123. Nevertheless, it is only when the staff judge advocate abuses his discretion by the omission of significant clemency factors that his post-trial advice concerning the sentence to be approved becomes inadequate and requires the preparation of a new review and action. United States v Fields, supra; United States v Martin, 9 USCA 84, 25 CMR 346.

However, the review must do more than merely summarize—it must advise the convening authority. United States v Withrow, 8 USCMA 728, 25 CMR 232; United States v Flemings, 8 USCMA 729, 25 CMR 233. Thus, to

prevent misapprehension on the part of the convening authority concerning the scope of his responsibilities and rights in connection with acting on cases before him, the Army and Air Force have adopted the practice of inserting in post-trial reviews a paragraph designed to inform that official he has the independent power and duty to weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact; that he must determine the findings of guilty are established by the competent evidence of record beyond a reasonable doubt; and that his authority to disapprove the findings of guilty or sentence is unfettered. In United States v Skees, 10 USCMA 285, 27 CMR 359, we recognized the utility of such advice and we commend to the other services the advisibility of its inclusion in the post-trial advice.

Turning to the review prepared in the instant case, we find the staff judge advocate set out fully the testimony and conclusions of the accused's military superiors concerning his character and efficiency as well as their desire to have him returned to duty. In addition, he fairly summarized favorable letters from the accused's minister, a high school teacher, and the employer of accused's parents. Finally, he set forth the circumstances of accused's early life and, as we advise, he expressly informed the convening authority that his approval of the findings or sentence was conditioned only by the exercise of that officer's discretion, and concluded that the sentence should be approved. While he did not include in his advice any reference to the accused's "attitude, appearance, or personality" or refer to the Army's administrative directive concerning suspension of sentences, the omission of these matters was safely within the discretionary area we marked out in United States v Martin, supra. Indeed, we question whether administrative policies, even though favorable to an accused, should form any part of the basis for the convening authority's action. See United States v Doherty, 5 USCMA 287, 17 CMR 287; United States v Webster, 9 USCMA 615, 26 CMR 395. Thus, we conclude that

474

the post-trial review herein meets required standards of sufficiency.

In reaching this decision, we do not reach the issue of whether a board of review may return the record of trial for the inclusion of additional information on which to base *its* determination concerning the *sentence* to be affirmed in the case. See United States v Lanford, 6 USCMA 371, 20 CMR 87. In the instant case, the board of review did not purport to take such action, but chose to hold the review insufficient in law on the ground that *the convening authority* was insufficiently informed to act upon the case legally. As we have heretofore indicated, its action in that respect was erroneous.

The certified question is answered in the negative. The decision of the board of review is reversed, and the record of trial is remanded to The Judge Advocate General of the Army for further proceedings consistent with this opinion.

Chief Judge QUINN and Judge LATIMER concur.