UNITED STATES

v.

**Specialist Four Enrique GUERRA–BERRIOS, 584–58–4095, U. S. Army, 600th Quartermaster Company (Airdrop Equipment Repair and Supply), Fort Bragg, North Carolina.**

CM 435094.

U. S. Army Court of Military Review.

Sentence Adjudged 28 May 1976.

Decided 14 Dec. 1976.

Appellate Counsel for the Accused: CPT John C. Carr, JAGC; LTC John R. Thornock, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT John E. Caulking, JAGC; CPT John F. DePue, JAGC; MAJ John T. Sherwood, Jr., JAGC; COL Thomas H. Davis, JAGC.

Before COOK, DRIBBEN and DeFORD Appellate Military Judges.

## OPINION OF THE COURT

COOK, Senior Judge:

Tried by a general court-martial for possession of over 600 grams of marijuana, appellant was, in spite of his plea, found guilty. The charge was laid under Article 134, Uniform Code of Military Justice (10 U.S.C. § 934) and the trial judge instructed the court in accordance with the maximum sentence provided for that offense under the Table of Maximum Punishments, paragraph 127c, Manual for Courts-Martial, United States, 1969 (Revised edition). The court imposed the sentence noted above.

### I

■ The record of trial was "authenticated" by the "Trial Counsel because of the absence of the military judge." Thus we are presented by appellate counsel, as a threshold problem, with one of the questions recently dealt with by the United States Court of Military Appeals in *United States v. Cruz-Rijos*, 24 U.S.C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976).

Trial was completed on 28 May 1976. The trial judge departed the site of trial, Fort Bragg, North Carolina, on Permanent Change of Station orders on 16 June 1976. The trial counsel performed the challenged act of authentication on 23 June 1976. The trial judge's orders provided for a reporting date of 14 July 1976 at his new duty station in Seoul, Korea. Therefore, he was in the usual leave and travel status during the 16 June–14 July period.

This Court is aware that an overseas reassignment is often a dubious and uncertain operation. Frequently, due to a change in requirements, the traveler is diverted while *en route* from his original destination to a new one. Even more frequently, the traveler arranges with his new station of assignment to arrive later than the scheduled date originally specified in his orders. None of these changes are conveyed, as a matter of course, to the individuals last duty station once he has signed out and entered a delay en route status. As a consequence it would be a precarious proposition for a transferee's last duty station to forward a matter of any import to him at his new overseas duty station until it was assured that he had in fact arrived. Applying this practical experience to the case *sub judice*, this record of trial should not even have begun the approximately 7000 mile trip from Fort Bragg to Seoul until some date after 14 July, that is, until the Judge Advocate Office at Fort Bragg could have confirmed with the Judge Advocate Office in Seoul that the trial judge had in fact arrived. This requirement alone, laying aside all other possible complications, would have, in this case, resulted in an unreasonable delay. Assuming the judge had arrived per schedule and the Fort Bragg authorities learned of that fact shortly after arrival, it would still mean, even under optimum conditions, that the record would not have been authenticated and returned to Fort Bragg until mid-August. Thereafter the review, *Goode*[1] requirements, and the convening authority's action had to be accomplished, which would have, in all likelihood, extended the post-trial delay until early September. And, we feel that is an optimistic result which would have obtained only if one of several ordinary, but unavoidable, vicissitudes were not encountered.

In the opinion of this Court a reasonably anticipated delay of over 100 days in getting a case to action, most of which is attributable to the absence of the trial judge,[2] combined with the risks inherent in shipping an item 14,000 miles round trip, in addition to other hazards too numerous to

1. *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

2. We have not overlooked the fact that the *Dunlap* 90-day rule was not for application in this case.

mention, which experience informs us are intrinsic in a personnel movement of this magnitude, lead to the conclusion that Fort Bragg was, in this case, faced with an absent trial judge under circumstances that could justifiably be said to have created an "emergency situation."[3] Consequently we hold that the trial counsel permissibly invoked the authority of Article 54(a) UCMJ when he authenticated this record.[4]

## II

 At trial, defense counsel moved to dismiss the charge because it was alleged under Article 134, UCMJ, rather than Article 92, UCMJ, or, in the alternative, to have a limitation of two years set as to the confinement portion of the sentence. The trial judge denied the motion *en toto*, and, as we indicated earlier, advised the court that there was a five year maximum in that particular.

Without deciding whether the evidence in this case meets that required by *United States v. Courtney*, 24 U.S.C.M.A. 280, 51 C.M.R. 796, 1 M.J. 438 (1976) we hold that, even if we were to apply the holding of that case, in testing the sentence in this case for prejudice we find none since the sentence adjudged did not include any confinement.

The findings of guilty and the sentence are affirmed.

Judge DRIBBEN and Judge DeFORD concur.

**UNITED STATES**

---

3. *United States v. Cruz-Rijos, supra; United States v. Evans*, 2 M.J. 1043 (A.C.M.R. 18 November 1976).

4. In cases such as this, it becomes especially important that the second requirement of *Cruz-Rijos*, that of insuring that the defendant or counsel receives an authenticated copy well before action is taken, is complied with. That procedure will aid in countering any assertions of partiality in the authentication process adopted in this case.