UNITED STATES

v.

Private E2 David L. GRIFFIN, 263–17–9014, U S Army, Combat Support Company, 2d Battalion, 2d Infantry, 3d Brigade, 9th Infantry Division, Fort Lewis, Washington 98433.

SPCM 12355.

U. S. Army Court of Military Review.

25 Feb. 1977.

Appellate Counsel for the Accused: CPT Leslie Wm. Adams, JAGC; CPT John C. Carr, JAGC; LTC John R. Thornock, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Gary F. Thorne, JAGC; MAJ Michael B. Kennett, JAGC; COL Thomas H. Davis, JAGC.

Before CLAUSE, DONAHUE and COSTELLO, JJ.

OPINION OF THE COURT

COSTELLO, Judge:

The principal contention before us is that the record of trial was not properly authenticated because the trial counsel acted as the authenticating officer in violation of the rule in *United States v. Cruz-Rijos,* 24 U.S.C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976). Trial counsel acted at Fort Lewis, Washington, on 28 July 1976, the same date on which the trial judge arrived

at his new station in Georgia. The trial judge had been routinely transferred from one Army judicial circuit to another pursuant to competent military orders. In these circumstances, we find no error in the authentication.

■ Trial counsel's action was error if the military judge was not absent within the meaning of Article 54, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 854. That article permits and requires the trial counsel to authenticate the record if the military judge cannot ". . . by reason of his death, disability or absence. . ." The appearance of the word absence in series with death and disability indicates that the absence must be more than a casual one. *United States v. Sims*, 50 C.M.R. 401 (A.C.M.R.1975), *reversed in part*, 2 M.J. 109 (February 2, 1977). Indeed, in its *Cruz-Rijos* opinion the Court of Military Appeals said that ". . . the judicial inclination necessarily leans toward restricting his [trial counsel's] performance of judicial functions to emergency situations." That, however, was in the context of a military judge who was present in his own circuit and "at the situs of trial within a reasonable time after the court reporter completed the transcript."

The phrase "death, disability or absence" is one well known to both military criminal and administrative law. In the latter, it has appeared regularly in the devolution of command regulations to provide for the passage of command by operation of law from a commander to his next ranking subordinate. AR 600–20, 1971 as amended May, 1975. (Similar provisions appeared in 1962 and 1967 versions of the same regulations; the earliest reference available is to an edition of AR 600–20 dated 1 June 1942 which also contained this provision.) The same language appeared in AW 33 of the 1920 Articles of War with respect to authentication of the record in lieu of the president and trial judge advocate.

The identity of phraseology reflected an identity of meaning such that the words in the Articles of War were defined in terms of the regulations. Thus, the officer described as the "officer commanding for the time being" in AW 46 is the officer upon whom command devolves under paragraph 6a, AR 600–20, 1 June 1942.· IV Bull. JAG, Pt. 1, § 403(1) (1945), [SPJ GJ CM 252101, 252223, 29 January 1945]. This relationship between the regulatory definition of command and the identification of persons to act under the statute was carried into the modern era in *United States v. Bunting*, 4 U.S.C.M.A. 84, 15 C.M.R. 84 (1954). *Bunting's* use of Navy regulations to identify a convening authority was approved in *United States v. Snook*, 12 U.S.C.M.A. 613, 31 C.M.R. 199 (1962). There the Court of Military Appeals established useful limits for the idea of absence expressed in Article 54, UCMJ. The Court rejected a contention that it meant only "'missing in action or otherwise unaccounted for,'" but found that ". . . it unquestionably includes physical absence from the jurisdiction." 31 C.M.R. at 206.

The Court of Military Appeals in *Cruz-Rijos* expressed serious misgivings about the application of earlier rules about authentication to modern circuit riding judges.[1] The Court's perception of the possibilities in certain situations is accurate; abuse of the prior rule about absence more than 48 hours could have meant that trial counsel or court reporters routinely authenticated records of trial. That situation will not arise because of the administrative practices inaugurated by The Judge Advocate General and approved by the Court in *Cruz-Rijos*.[2] No longer will a military judge present in his own circuit be routinely deprived of the occasion for authenticating the records of trials over which he had presided just because he is sitting at a jurisdiction within his circuit other than the one at which a record is ready.

---

1. The trial counsel's typical note that his authentication was performed "because of the (death) (disability) (absence)" of the military judge has been standard practice for half a century. MCM, 1928 p. 268; CM 226142 (1942) in JAG Bull. No. 5 (1942).

2. The Air Force has adopted similar rules.

The military community is inherently mobile. Even judges and prosecutors may move on "permanent change of station" as frequently as every three years. *United States v. Sperling*, 3 M.J. 543 (A.C.M.R. 18 February 1977). This does not even contemplate the mobility occasioned by war, a circumstance for which we must also prepare. Nonetheless, whether the situation is peace or war, judges will from time to time be factually absent from their circuits.[3] When that absence is "permanent" because the product of lawful military orders, it is an "absence" within the meaning of Article 54. Therefore, we hold that this record was properly authenticated.

Accordingly, the findings of guilty and the sentence are affirmed. However, the application of forfeitures is deferred, effective 15 September 1976, until the sentence is ordered into execution (Art. 57(a), UCMJ, para. 88d(3), MCM 1969 (Rev)).

Senior Judge CLAUSE and Judge DONAHUE concur.

*United States v. Wilson*, 2 M.J. 259 (A.F.C.M.R. 9 August 1976).

**3.** This is the point at which we depart from the opinion in *United States v. Stewart*, 2 M.J. 1068 (A.C.M.R. 14 December 1976) which we find overbroad. We express no opinion as to its facts.