UNITED STATES

v.

Specialist Four James WELCOME, Jr.,
244–90–8023, U. S. Army, 524th Engineer
Company (Topographic), Fort Hood, Texas 76544.

SPCM 12237.

U. S. Army Court of Military Review.

15 April 1977.

Appellate Counsel for the Accused: CPT
Peter V. Train, JAGC; CPT Buren R.

Shields, III, JAGC; LTC John R. Thornock,
JAGC.

Appellate Counsel for the United States:
CPT Gregory B. English, JAGC; CPT Lee
D. Schinasi, JAGC; MAJ John T. Sherwood, Jr., JAGC; COL Thomas H. Davis,
JAGC.

Before JONES, FULTON and FELDER,
Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

The appellant was convicted of larceny, housebreaking, communicating a threat, and sale and possession of marihuana in violation of Articles 121, 130 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 930 and 934. He pleaded guilty to larceny and housebreaking and not guilty to the remainder. We are reviewing the case pursuant to Article 66, UCMJ.

Although two government witnesses, whose testimony related to separate charges, had reasons to perjure themselves, we are convinced beyond a reasonable doubt that their uncorroborated testimony was truthful. Their testimony was detailed and believable. The court members who had the advantage of seeing and hearing the witnesses chose to believe them rather than the appellant. Their decision carries great weight before this Court.

The appellant correctly points out that the trial counsel impermissibly authenticated the record while the military judge was temporarily absent from his duty station. The judge returned a few days prior to the convening authority's action and presumably could have authenticated the record at that time. The failure to afford him the opportunity to do so was error. *United States v. Cruz-Rijos*, 24 U.S.C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976).

We would normally correct this error by returning the record to the military judge for proper authentication. However, that is of questionable value in this case because the judge is no longer a member of the U. S. Army Judiciary. We could request that

he sign the record, but we fail to see how his signature, coming as it would approximately ten months after trial and after reassignment to a non-judicial position, adds verity to the record.

The record was authenticated by a person with authority and power to do so under Article 54(a), UCMJ, and paragraph 82f, Manual for Courts-Martial, United States, 1969 (Revised edition). The trial counsel acted in good faith in doing so during the judge's absence. There were no corrections or changes made to the record. The defense counsel examined the record the same day and expressed no objection or dissatisfaction. Under these circumstances we find no prejudice to the appellant, no appearance of evil, no improper reflection on the court-martial system, and no ends of justice to be served by requiring another authentication.

The findings of guilty and the sentence are affirmed.