UNITED STATES, Appellee,

v.

Levern CREDIT, Sergeant, U. S. Air
Force, Appellant.

No. 32,948.
ACM 21959.

U. S. Court of Military Appeals.

Dec. 27, 1977.

*Colonel Robert W. Norris, Major Byron
D. Baur,* and *Captain Thomas S. Markiewicz* were on the pleadings for Appellant,
Accused.

*Colonel Julius C. Ullerich, Jr.,* was on the
pleadings for Appellee, United States.

Opinion of the Court

FLETCHER, Chief Judge:

Appellant, tried by a general court-martial, was convicted of rape [1] contrary to his
pleas; his approved and affirmed sentence
included a dishonorable discharge, confinement for 3 years, total forfeitures and reduction to the lowest pay grade.

Our grant of review in this case was
framed in two issues:

I.

WHETHER THE MILITARY JUDGE
ERRED PREJUDICIALLY BY DENYING THE DEFENSE REQUEST FOR
SUBPOENA OR DEPOSING OF SEVERAL WITNESSES WHO WERE MATERIAL AND NECESSARY TO THE
DEFENSE OF THE CASE.

[1] In violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920.

## II.
### WHETHER THE RECORD OF TRIAL WAS AUTHENTICATED BY A PERSON WHO WAS UNAUTHORIZED TO DO SO.

Because we answer the second issue and return the record for proper authentication, we refrain from answering the witness request question, as it is thus not correctly before us.

Appellate defense counsel argue that the record of trial was authenticated by an unauthorized person. Authentication was performed by the assistant trial counsel ". . . in the absence of the military judge and trial counsel at the direction of the military judge." Counsel's argument is dual: first, that authentication was accomplished by one who must be present throughout the trial and that this authenticator, the assistant trial counsel, was not present; and, second, that substitute authentication should not be permitted when no justification appears for it in the record.

█ The action taken here does not satisfy Article 54(a).[2] The purpose of the Codal provision is to provide a preferred order of authentication which in fact will guarantee "absolute verity" to the trial court records. See United States v. Galloway, 2 U.S.C. M.A. 433, 9 C.M.R. 63 (1953). This cannot be realized unless the authenticator actually has been present throughout the proceedings.[3]

█ In the case before us the record provides no explanation[4] for the invocation of the absence provision of Article 54(a).[5]

In attempting to cure this problem the court below "judicially noted" that the military judge who sat in this case was normally stationed in Bangkok, Thailand, and therefore could not have been expected to have been present in Okinawa at the completion of the record of trial. This was insufficient. As the trial transcript is, indeed, the very heart of the criminal proceedings and the single element essential to our meaningful appellate review, only emergency situations may justify invocation of substitute authentication.[6] United States v. Cruz-Rijos, 51 C.M.R. 723, 1 M.J. 429 (1976).

The decision of the United States Air Force Court of Military Review is reversed. The action of the Convening Authority is set aside. The record of trial is returned to the Judge Advocate General for remand to obtain proper authentication of the record and a new review and action by a convening authority.

Judge PERRY concurs.

COOK, Judge (concurring):

On the question of whether the record of trial was properly authenticated by the assistant trial counsel, the authentication page contained the following notation:

. . . in the absence of the Military Judge and Trial Counsel at the direction of the Military Judge.

Trial defense counsel examined the record on October 14 and the convening authority's action is dated October 26.

In United States v. Cruz-Rijos, 51 C.M.R. 723, 1 M.J. 429 (1976), the Court held that a

---

**2.** UCMJ, 10 U.S.C. § 854(a).

**3.** See, the requirements detailed in AFM 111–1, paragraph 6–9.

**4.** AFM 111–1, supra, gives unmistakable direction: ". . . when someone other than the primary authenticating officer authenticates a record, the reasons will be stated."

**5.** While no express mention is made in Article 54(a) for the assistant trial counsel to serve as authenticator, paragraph 45, Manual for Courts-Martial, United States, 1969 (Revised edition), allows a fully qualified assistant trial counsel to perform all duties of a trial counsel,

and hence, should extend to his power to authenticate.

**6.** On December 14, 1976, we granted appellate government counsel's motion to file affidavits from the military judge and the trial counsel putting forth the circumstances surrounding substitution of the authenticator of the record. Without evaluating the justifications put forth, we reiterate that assistant trial counsel here failed to qualify due to absence. We further note that his attempt to clarify certain absences at trial by means of a certificate of correction was improper. Paragraph 86c, Manual, supra.

record of trial was improperly authenticated by trial counsel where he made numerous corrections to the transcript, did not provide the defense counsel with a copy of the record prior to the convening authority's action and the military judge was available for the purpose of authenticating the record within a short period after the record was transcribed. Unlike *Cruz-Rijos*, however, there is no evidence in the present case that the military judge was available. Indeed, affidavits filed with the Court reflect that both the military judge and trial counsel were not available to authenticate the record. Thus, unlike *Cruz-Rijos*, there is no evidence to rebut the notation on the authenticating page that such individuals were absent. I would, therefore, hold that, in the absence of evidence to the contrary, the notation is sufficient to establish their absence, as set forth in Article 54(a), Uniform Code of Military Justice, 10 U.S.C. § 854(a).

Left for consideration is whether the assistant trial counsel properly authenticated the record. I am in agreement with the majority that paragraph 45 of the Manual for Courts-Martial, United States, 1969 (Revised edition), empowers a qualified assistant trial counsel to perform all of the duties imposed upon trial counsel, including, in appropriate circumstances, authentication of the record of trial. Furthermore, as a trial counsel or assistant trial counsel authenticates a record in lieu of a military judge who would be present during the entire proceedings, I share the majority's view which requires the authenticating official's presence during the trial. As the assistant trial counsel was not present on several material occasions during the trial, he was not qualified to authenticate the record.

I, therefore, concur in the majority's disposition of the case.