UNITED STATES, Appellee,

v.

Glen E. MILLER, Private, U. S. Army, Appellant.

No. 33,139.

SPCM 11275.

U. S. Court of Military Appeals.

Feb. 13, 1978.

*Captain Donald R. Jensen* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Lieutenant Colonel John R. Thornock,* and *Captain Buren R. Shields, III.*

*Captain Lee D. Schinasi* argued the cause for Appellee, United States. With him on the brief were *Colonel Thomas H. Davis, Major Steven M. Werner, Major John T. Sherwood, Jr.,* and *Captain Russell S. Estey.*

Opinion of the Court

COOK, Judge:

Contrary to his pleas the appellant was convicted by a special court-martial consisting of a military judge alone of disrespect toward a superior commissioned officer, assault and battery (3 specifications), and communicating a threat in violation of Articles 89, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 889, 928, and 934, respectively. We granted review to resolve the following issues:

I. Whether the pretrial admission of the accused was inadmissible since the solicitation of the statement was not prefaced by Article 31 warnings (*United States v. Dohle,* [1 M.J. 223] 24 U.S.C.M.A. 34, 51 C.M.R. 84 (1975)) thereby requiring reversal of his conviction on Charge I and its specification and specification 3 of charge II.

II. Whether the record of trial was improperly authenticated by the trial counsel without a showing that the military judge was unavailable to authenticate the record.

As we hold that the record of trial must be returned for proper authentication, we refrain from addressing the issue relating to the admissibility of the pretrial admission of the accused. *United States v. Credit,* 4 M.J. 118 (C.M.A.1977).

An examination of the record reflects that the record was signed by the trial counsel on April 16, 1975, as follows:

/s/  Fred  C.  Kirpatrick      CPT  JAGC
for RICHARD C. RUSSELL (who is absent)
CPT, JAGC

Paragraph 82f, MCM, US 1969 (Rev),
and US Army Judiciary Military Judge
Memorandum 82, dated 7 March 1973,
Military Judge located at another
duty station requiring more than 48
hours for mailing record of trial for
authenticating and return.

_____
(Military Judge)

16 April                          1975
_____

_____

It further appears that there was no likelihood that there would have been a violation of the rule announced in *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), if the trial counsel had not signed the record.

In *United States v. Cruz-Rijos*, 24 U.S.C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976), we held that trial counsel had improperly authenticated the record of trial. The Government relied upon paragraph 82f, Manual for Courts-Martial, United States, 1969 (Revised edition), which authorized a trial counsel to authenticate a record of trial in the "absence" of the military judge. As in the present case, the Government relied upon the "48-hour" rule. We rejected the Government's position on the basis that the term "absence" as used in the Manual required something more than a temporary absence of the military judge and noted the following: [1]

> Sanctioning the 48-hour unavailability standard utilized in this case would, in effect, substantially relieve most rotating trial judges of their statutory authentication responsibilities. The prosecutor would thereby assume such duties under present procedure. We join the Judge Advocate General in finding such an approach to be unduly detrimental to the

perceived fairness of the military justice system as a whole and the integrity of the authentication process in particular.

As the Government relied on the "48-hour" rule in the present case, the trial counsel improperly authenticated the record of trial. Indeed, while there has been some additional evidence submitted before the court in the form of an affidavit by the military judge and various documents, this evidence reflects that the military judge could have authenticated the record within a reasonable time after it had been transcribed.[2] Nevertheless, the Government submits that because there were only minor changes made by trial counsel and the record was served on the trial defense counsel prior to the convening authority's action, the appellant was not prejudiced. Although *Cruz-Rijos* involved a record which had been significantly altered by the trial counsel without an opportunity for the trial defense counsel to peruse the record prior to the convening authority's action, this was not the basis of the Court's opinion. Rather, *Cruz-Rijos* held that there was no valid authentication unless the prerequisites for a substitution of the military judge set forth in paragraph 82f, Manual, *supra*, were present.[3] Thus, there has been no valid authentication of the record.

_____

1. *United States v. Cruz-Rijos*, 24 U.S.C.M.A. 271, 273, 51 C.M.R. 723, 725, 1 M.J. 429, 431 (1976).

2. In my separate concurrence in *United States v. Credit*, 4 M.J. 118, 119 (C.M.A.1977), I expressed the view that a notation on the authentication page that the military judge was absent was sufficient to establish his unavailability unless there was evidence to the contrary. The present case is clearly distinguishable as the authentication page itself reflects that the

absence of the military judge was for only a brief period.

3. Paragraph 82f, Manual for Courts-Martial, United States, 1969 (Revised edition), provides:
   The record in each case shall be authenticated by the signature of the military judge who was actually present at the conclusion of the proceedings. If the record cannot be authenticated by the military judge by reason of his death, disability or absence, it shall be authenticated by the signature of the trial

The decision of the United States Army Court of Military Review is reversed and the action of the convening authority is set aside. The record of trial is returned to the Judge Advocate General of the Army for proper authentication of the record and a new review and action by a convening authority.

Chief Judge FLETCHER and Judge PERRY concur.

counsel who was actually present at the conclusion of the proceedings or by that of a member if the trial counsel is unable to authenticate it by reason of his death, disability or absence. In a court-martial consisting of only a military judge the record shall be authenticated by the court reporter under the same conditions which impose such a duty on a member under this paragraph.