UNITED STATES, Appellee,

v.

Private (E–2 Charles V. WILLIAMS, SSN 156–48–5711, United States Army, Appellant.

CM 435110.

U. S. Army Court of Military Review.

28 March 1978.

Colonel Robert B. Clarke, JAGC, and Captain Demmon F. Canner, JAGC, were on the pleadings for appellant.

Major Steven M. Werner, JAGC, Captain Laurence M. Huffman, JAGC, and Captain Paul W. Jacobsen, JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and De-FORD, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

JONES, Senior Judge:

This case is again before this Court for review, having been returned previously by the Court for a "new review by the staff judge advocate, further proceedings in compliance with *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), and action by the convening authority."[1] Those procedures have been accomplished. The appellant stands convicted of transferring marihuana (two specifications) and threatening to injure the transferee, who was cooperating with the military police. The offenses were charged as violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.

### I

The record of trial was authenticated by the trial counsel "for" the military judge. The authentication was accomplished after the judge was reassigned from Fort Bragg, North Carolina, to Korea. There were indications in the record that the transcript was completed and available for authentication prior to the judge's departure, and that the judge had in fact made a correction in the record. Trial defense counsel asserted that the record was inaccurate in some unspecified way and that the military judge had indicated that a certificate of correction was necessary. This Court directed the new review, *Goode* proceedings, and action to give the participants the opportunity to "address, as necessary, questions concerning the authentication and accuracy of the record of trial."[2]

In this second appellate review, the appellant again contends that the record was improperly authenticated. To support this, appellant points to the affidavits of the trial counsel and court reporter and to the comments of the trial defense counsel in his responses to the staff judge advocate's review. Those documents establish that: the trial defense counsel examined the completed transcript on 1 June 1976; the military judge also examined the transcript, made one minor correction, believed that a discussion between the judge and the defense counsel concerning appellant's plea of guilty to two of the specifications was omitted, and returned the record to the court reporter for correction; the court reporter checked the recording tapes, determined that the transcript was true and complete, so notified the trial counsel and the military judge, and returned the record to the trial counsel. Inexplicably there is no statement from the trial judge and no explanation from the trial counsel as to why the trial judge did not proceed to authenticate the record in the few days between the time he was told by the court reporter that the record was correct and the time he departed for Korea.

The trial counsel finally authenticated the record on 6 July 1976. Although the authentication sheet does not specifically show "absence of the military judge" as the reason for trial counsel's authentication, that fact is established elsewhere in the documents before this Court. *See also United States v. Guerra-Berrios*, 2 M.J. 1070 (A.C.M.R.1976).

■ As was stated in our prior opinion in this case, the absence of the military judge under circumstances identical to those existing in *Guerra-Berrios* would have been a sufficient basis for reaching the conclusion that authentication by trial counsel was proper, except for the existence of those questions (accuracy of record? proper authentication?) that caused us to return the record in the first place. Our concern over the accuracy of the record has been answered, but as indicated above, no showing has

---

1. *United States v. Williams*, No. 435110 (A.C. M.R. 13 May 1977).

2. *Id.*

been made as to why the military judge could not have authenticated the record prior to his departure. Accordingly, we hold that the "absence" provision of paragraph 82f, Manual for Courts-Martial, United States, 1969 (Revised edition), was impermissibly invoked. *United States v. Cruz-Rijos*, 1 M.J. 429 (CMA 1976).

We are now confronted with the question of the corrective action that must be taken. We would normally require a new authentication by the military judge and a new review and action but such a procedure is of questionable value in this case. The military judge is no longer a member of the U. S. Army Judiciary and has not been a military judge since he departed for Korea in June 1976. We could request him to sign the record but we fail to see how his signature some 22 months after the trial and after reassignment to a non-judicial position would add verity to the record.[3] *United States v. Welcome*, 3 M.J. 653 (A.C.M.R. 1977), *pet. denied,* 3 M.J. 388 (C.M.A. 1977); *cf. United States v. Sudler,* 2 M.J. 558 (A.C. M.R.1976).

The record of trial was authenticated by a person (the trial counsel) who was clothed with authority and power to do so. Article 54(a), UCMJ; paragraph 82f, MCM, 1969 (Rev.); *United States v. Welcome, supra; United States v. Sperling,* 3 M.J. 543 (A.C. M.R.1977).[4] There is no doubt about the accuracy of the record. It is true and complete.[5] Thus any lack of integrity in the judicial process arising from the impermissible authentication of the record in this case is one of perception only and not one of fact.

We find no prejudice to the appellant, no appearance of evil, and no improper reflection on the court-martial system. Nothing would be served by requiring another authentication at this stage of the proceedings. The error from this impermissible authentication is harmless. *United States v. Andrade,* 3 M.J. 757 (A.C.M.R.1977); *United States v. Welcome, supra.*

II

■ As a second error, the appellant asserts that the convening authority's action was deficient in failing to address the findings of two of the specifications and one of the charges. We disagree. The convening authority disapproved the finding as to one specification and approved the finding of another in an amended form. He then approved the sentence in a reduced amount. This latter action constituted approval of the remaining findings. Article 64, UCMJ; paragraph 86a, MCM, 1969 (Rev.).

The findings and sentence are affirmed.

Judge MITCHELL and Judge DeFORD concur.

---

**3.** The same reasoning would apply had the convening authority required a new authentication when the record was returned to him previously by this Court.

**4.** This case is distinguishable from *United States v. Credit,* 4 M.J. 118 (C.M.A.1977), and *United States v. Miller,* 4 M.J. 207 (C.M.A. 1978), in that in both of those cases the military judge was apparently still available as a judicial officer to authenticate the record. Further, in *Credit* the assistant trial counsel who authenticated the record was not authorized to do so because he was not present throughout the proceeding.

**5.** The trial defense counsel persists in alleging that the record is not verbatim yet at no time has he pointed to an inaccuracy, even though he has been given the opportunity to do so. Presumably the tapes are still available to him (paragraph 82a, Manual for Courts-Martial, United States, 1969 (Revised edition)). The court reporter's affidavit dispels any doubt about the accuracy of the record.