**UNITED STATES**

v.

**Airman First Class Glenn R. ZILCH, FR 116–50–9610, United States Air Force.**

**ACM 22455.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 13 Oct. 1978.

Decided 14 May 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain James R. Van Orsdol.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

The record of trial in this case was authenticated by the trial counsel with the following explanation:

Record of trial is being authenticated by the trial counsel in lieu of the military judge because of the military judge's absence. Lt Col Clarence E. Powell is assigned to the USAF Trial Judiciary First Circuit, Bolling AFB, Washington, DC. He was made available to serve as military judge in this case due to a shortage of judges in the Sixth Circuit. The military judge was not present or presiding over other courts-martial within this command nor was he expected to return prior to action. Accordingly, trial counsel was authorized on 30 November 1978 to authenticate the record of trial in lieu of the military judge due to the military judge's absence and the likelihood of violating the speedy disposition standards of Dunlap if the record was transmitted to and from the military judge who is located in Washington, DC.

Appellate defense counsel agree with the representations as to the location and assignment of the military judge. However, they do not agree that the absence of the military judge under these circumstances would permit the trial counsel to authenticate the record of trial.*

Article 54(a), Uniform Code of Military Justice, provides in part:

. . . If the record cannot be authenticated by the military judge by reason of his death, disability, or absence, it shall be authenticated by the signature of the trial counsel . . .

The Court of Military Appeals has recently considered three cases involving the application of Article 54(a) Code, *supra*. *United States v. Miller,* 4 M.J. 207 (C.M.A. 1978); *United States v. Credit,* 4 M.J. 118 (C.M.A.1977) and *United States v. Cruz-Rijos,* 1 M.J. 429 (C.M.A.1976).

In *United States v. Cruz-Rijos, supra,* the Court stated:

Without casting aspersions on the integrity of the trial counsel, it nevertheless must be remembered that his primary function is that of a partisan advocate. Thus, to eliminate any appearance of im-

propriety, the judicial inclination necessarily leans toward restricting his performance of judicial functions to emergency situations. Indeed, the "death, disability, or absence" language of paragraph 82f of the Manual lends itself to such an interpretation even though, out of context, the word "absence" might have a far broader meaning.

This concept was reiterated in both *United States v. Credit* and *United States v. Miller,* both *supra.*

In *United States v. Cruz-Rijos, supra,* the Army rule permitting the trial counsel to act when the military judge would not be at the installation within 48 hours was used as the justification for substitute authentication. The Court struck down the 48 hour rule, but also noted that the military judge was at the situs of trial within a reasonable time after the court reporter completed the transcript, and that the utilization of the trial judge to authenticate the record would not have resulted in a violation of the speedy disposition standard established in *Dunlap v. Convening Authority,* 23 U.S.C.A. 135, 48 C.M.A. 251 (1974). Therefore, they concluded that the "absence" provision of Article 54(a) Code, *supra,* was impermissibly invoked by the trial counsel.

In *United States v. Credit, supra,* although the Court reiterated the language of *Cruz-Rijos,* the case turned on the fact that the assistant trial counsel, who had authenticated the record, had not been present during the entire proceedings of the trial.

In *United States v. Miller, supra,* the trial counsel again relied upon the Army 48 hour rule despite the fact that the trial judge could have authenticated the record within a reasonable time.

Further interpretation of the Court's ruling has been made by the Army Court of Military Review in factual settings similar to the case at hand. In *United States v. Griffin,* 3 M.J. 553 (A.C.M.R.1977), *pet. denied,* 3 M.J. 207 (C.M.A.1977), the routine reassignment of a judge to a new station in a different judicial circuit was held to es-

---

* There is no claim that the record presently before the Court is incomplete or inaccurate.

**710**

tablish "absence" under Article 54(a), Code, *supra.* In cases involving the transfer of the judge to a non-judicial assignment *United States v. Guerra-Berrios,* 2 M.J. 1070 (A.C.M.R.1976), *pet. denied,* 4 M.J. 288 (C.M. A.1978), and the release of the judge from active military service, *United States v. Evans,* 2 M.J. 1043 (A.C.M.R.1976), *pet. denied,* 3 M.J. 50 (C.M.A.1977), the trial counsel was permitted to authenticate the record of trial.

■ Judges, prosecutors and defense counsel may be moved from their circuit on permanent change of station orders or on temporary duty orders when the exigencies of the service require additional personnel to handle courts-martial. When the military judge is factually absent from the circuit in which the case was tried, whether it be his own circuit or a circuit to which he was temporarily assigned, and the absence from that circuit is "permanent" due to lawful military orders, it is an "absence" within the meaning of Article 54(a), Code, *supra, United States v. Dillon,* 3 M.J. 504 (A.F.C.M.R.1977); *United States v. Griffin, supra.*

■ In this case the military judge was permanently assigned to a different judicial circuit thousands of miles distant from the location of the trial. He had been ordered to that location to act as military judge on a temporary basis, and upon completion of his duties had returned to his own circuit. He was not scheduled to return to the circuit in which this case was tried. These facts establish a permanent absence from the circuit in which the case was tried rather than a temporary or casual one. We hold that under these circumstances it was an "absence" within the meaning of Article 54(a) Code, *supra,* and therefore the authentication made by trial counsel is proper.

■ It is also contended that the failure of the confinement officer to submit a clemency evaluation in accordance with paragraph 7–5(b), Air Force Manual 111–1 (C–3), Military Justice Guide, dated 15 November 1978, deprived the accused of his right to have all available matters affecting clemency considered by the convening authority.

The provisions of AFM 111–1, *supra,* are designed to aid Air Force officials in fulfilling their obligations under Article 64, Code, *supra.* A review of this Manual, including its preamble, demonstrates that its provisions were not intended to benefit or confer any rights upon the accused, though he may profit therefrom. In many cases the clemency observations and recommendations obtained under this paragraph are harmful to the accused as they reveal that he or she is unworthy of clemency. The fact that the provisions in issue are designed to provide clemency information in a manner that may or may not assist an accused merely served to demonstrate that the provisions are designed to aid the officials concerned, not to protect or benefit the accused. See *United States v. Hill,* 4 M.J. 33 (C.M.A.1977); also see *United States v. Dettinger,* 6 M.J. 505 (A.F.C.M.R.1978), *pet. granted,* 6 M.J. 161 (C.M.A.1978), which discusses and evaluates other provisions of AFM 111–1, *supra.*

■ Even if the cited provisions are considered to confer an enforceable right upon an accused, the accused's present contention was waived by the failure to note or object to this discrepancy in the response to the staff judge advocate's review pursuant to *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975). *See United States v. Hill, supra,* page 34, footnote 2.

The remaining assignments of error are either without merit or were adequately discussed by the staff judge advocate in his review and properly resolved adversely to the accused.

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, and ORSER, Judge, concur. HERMAN, Judge, absent.