**UNITED STATES**

v.

**Albert G. SERNA, Seaman Apprentice,
U. S. Coast Guard.**

**No. 823.**

U. S. Coast Guard Court of
Military Review.

5 May 1980.

Trial Counsel: LCDR Dennis L. Bryant, USCG.

Assistant Trial Counsel: LT Walter J. Brawand III, USCGR.

Defense Counsel: CDR Charles S. Loosmore, USCG.

Assistant Defense Counsel: LCDR Richard E. Peyser, USCG.

Appellate Defense Counsel: LT Judith M. Hammond, USCGR.

Appellate Government Counsel: LCDR R. W. Ferguson, USCG.

## OPINION

MORGAN, Chief Judge:

Seaman Apprentice Albert G. Serna, USCG, was tried by a special court-martial convened by the Commanding Officer, U. S. Coast Guard Training Center, Alameda, California on 16 and 17 April 1979. The accused pleaded guilty to and was convicted of a single charge and specification alleging unauthorized absence from 21 December 1977 until 1 February 1979 in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The members sentenced the accused to be discharged from the service with a bad conduct discharge. The sentence was approved by the convening authority and by the officer exercising general court-martial jurisdiction.

Appellate defense counsel alleges several errors in the review process perceived by counsel to require reassessment of the sentence and also asserts that the court's imposition of a bad conduct discharge was inappropriate.

The accused was represented at his trial by appointed defense counsel Commander Charles S. Loosmore, USCG, a lawyer in the sense of Article 27(b), UCMJ, 10 U.S.C. § 827(b), and by appointed assistant defense counsel, Lieutenant Commander Richard E. Peyser, USCG, a lawyer who was not certified pursuant to Article 27(b), UCMJ, until 30 April 1979, some two weeks after the trial. In response to questions propounded by the military judge the accused indicated his acceptance of and satisfaction with Commander Loosmore and Lieutenant Commander Peyser as his counsel. The record reveals that both attorneys participated actively in the trial.

The record of trial was authenticated by the military judge 6 June 1979. It was examined by Commander Loosmore 21 June 1979 and a copy of the record was delivered to the accused 9 July 1979. On 11 October 1979 Lieutenant Commander Peyser asked Commander Walker, the legal officer for the officer exercising general court-martial jurisdiction, to delay his review of the Serna record for a few days until counsel could complete a clemency petition on behalf of the accused. In the meantime, Commander Loosmore had retired from the Coast Guard and was employed at Seattle, Washington.

The petition for clemency signed by Lieutenant Commander Peyser as defense counsel and dated 12 October 1979 is attached to the record of trial. A statement made by the accused in support of his request for discharge from the Coast Guard 19 March 1979 which was specifically invited to the supervisory authority's attention as an enclosure to the petition for clemency was missing from the record when it was received by the Court for review. Copies of the missing statement have now been provided by the staff legal officer for the supervisory authority and by appellate counsel.

Even assuming that the accused's statement enclosed with his letter of 19 March 1979 was not attached to the petition for clemency when that writing was submitted to the supervisory authority with the staff legal officer's review the accused

could not have been harmed. At trial he had read an unsworn statement to the court during sentence proceedings and that statement dated 16 April 1979 is attached to the record of trial as Defense Exhibit A. It is also incorporated in the verbatim transcript of the trial. That unsworn statement contains essentially the same information respecting the family circumstances motivating the accused's offenses as that related in the statement enclosed with the 19 March 1979 letter. The import of the unsworn statement made by the accused to the court was fairly summarized by the staff legal officer in his review and the attention of the supervisory authority was specifically invited to the page of the record where the entire statement was transcribed as well as to the written statement, Defense Exhibit A. Thus, the supervisory authority had before him all the pertinent information which defense counsel had asked that he consider. See *U. S. v. Jemison*, 10 U.S.C. M.A. 472, 28 C.M.R. 38 (1959).

The petition for clemency addressed to the officer exercising general court-martial jurisdiction by assistant defense counsel requested that the sentence to bad conduct discharge be disapproved and that the accused be administratively discharged with the character of discharge which his record of service would warrant, probably a general discharge. Counsel acknowledged that the clemency requested would be tantamount to the approval of no punishment but justified the request pertinently as follows:

"SA SERNA by no means has earned the clemency which I am requesting that you grant. His record of performance is far from perfect. He does, however, have on his record at the present time, two Federal Court convictions, which will follow him for the rest of his life. These convictions alone are enough of a burden for any man to carry."

Appellate defense counsel asserts that the foregoing statement was detrimental to the accused's interests so as to constitute inadequate representation by counsel. In support of that assertion appellate defense counsel argues that it was improper to concede that the accused's record of conduct would scarcely justify granting the clemency requested and that reference to the stigma of two convictions erroneously informed the supervisory authority that the accused had two federal convictions other than his courts-martial.

■ Trial defense counsel did no more than candidly recognize his client's poor Coast Guard record including his conviction for a lengthy unauthorized absence in the present case as well as a prior conviction by special court-martial for unauthorized absence in excess of two months, feigning illness to avoid service and forging medical reports in aid of his malingering. Counsel realized that this adverse information was contained in the record of trial. His choice to confront it directly while at the same time asking for mercy is a familiar tactic that can scarcely be faulted on this record, for, to paraphrase language used by the Court of Military Appeals in *U. S. v. Holcomb*, 20 U.S.C.M.A. 309, 43 C.M.R. 149 (1971), "[A] trial defense counsel is not wrong in displaying candor and in crediting court-martial reviewing authorities with intelligence". Nor was counsel's reference to the accused being burdened with two federal court convictions indicative of inadequate representation since it is quite clear that the reference was to the present case and the prior special court-martial conviction. Viewing the activities and statements of the assistant defense counsel in their proper context we are satisfied that he exercised "the skill and knowledge which normally prevails within the range of competence demanded of attorneys in criminal cases" and acted "as a diligent and conscientious advocate on behalf of his client." *U. S. v. Rivas*, 3 M.J. 282 at 288 (C.M.A.1977). See also *U. S. v. Worrell*, 3 M.J. 817 (A.F.C.M.R. 1977); *U. S. v. Sublett*, 5 M.J. 570 (A.C.M.R. 1978) petition for review by USCMA denied 5 M.J. 267 petition for reconsideration denied 5 M.J. 321.

The staff legal officer's review for the officer exercising general court-martial jurisdiction is dated 16 October 1979. A copy

of the review was served on the assistant defense counsel, Lieutenant Commander Peyser 16 October and he submitted a reply that same day. A copy of the review was also mailed to the trial defense counsel, Commander Loosmore, at his place of employment in Seattle. Commander Loosmore received the review 23 October 1979 and filed a reply dated 26 October. The officer exercising general court-martial jurisdiction had taken action on the record 21 October 1979 having before him the reply of Lieutenant Commander Peyser to the staff legal officer's review but not that of Commander Loosmore. Appellate defense counsel contends that the government improperly deprived the accused of his right to continued representation by Commander Loosmore and that the procedures followed in this case did not fulfill the requirements of *U. S. v. Goode*, 1 M.J. 3 (C.M.A.1975).

■ An accused is entitled to continued representation after trial by his trial defense counsel until substitute defense counsel is appointed and a new attorney-client relationship is established. *U. S. v. Palenius*, 2 M.J. 86 (C.M.A.1977); *U. S. v. Iverson*, 5 M.J. 440 (C.M.A.1978). The right to continued representation by the trial defense counsel may not be terminated arbitrarily or for administrative convenience prior to completion of the staff judge advocate's review of the case. *U. S. v. Iverson, supra; U. S. v. Guilbault*, 6 M.J. 20 (C.M.A. 1978); *U. S. v. Curtis*, 6 M.J. 48 (C.M.A. 1978); *U. S. v. Barnes*, 6 M.J. 50 (C.M.A. 1978). But the attorney-client relationship may be terminated and substitute counsel appointed for good cause. *U. S. v. Eason*, 21 U.S.C.M.A. 335, 45 C.M.R. 109 (1972); *U. S. v. Timberlake*, 22 U.S.C.M.A. 117, 46 C.M.R. 117 (1973); *U. S. v. Jeanbaptiste*, 5 M.J. 374 (C.M.A.1978); *U. S. v. Iverson, supra*. Among the grounds recognized by the Court of Military Appeals as constituting good cause to appoint substitute counsel for purposes of *U. S. v. Goode, supra*, is the separation of the trial defense counsel from the service prior to completion of the staff judge advocate's review. *U. S. v. Zarate*, 5 M.J. 219 (C.M.A.1978); *U. S. v. Davis*, 5 M.J. 451 (C.M.A.1978).

■ We view the retirement of trial defense counsel from the service prior to completion of the staff judge advocate's review as equally good cause for serving a copy of the review on substitute defense counsel for purposes of fulfilling the requirements of *U. S. v. Goode*. Thus, since Commander Loosmore had retired from the Coast Guard prior to completion of the staff legal officer's review it was entirely proper to serve a copy of the review on Lieutenant Commander Peyser, the assistant defense counsel, with whom the accused had a continuing attorney-client relationship. *U. S. v. Jeanbaptiste* and *U. S. v. Zarate*, both *supra*. Moreover, the statement in the staff legal officer's review which was the subject of Commander Loosmore's rebuttal was not erroneous or misleading. And as it was based on information from the accused's Coast Guard Records, he may be charged with knowledge that the information might be considered in the review of his case. See paragraph 85*b*, Manual for Courts-Martial, 1969 (Rev.); *U. S. v. Roop*, 16 U.S.C.M.A. 612, 37 C.M.R. 232 (1967); *U. S. v. Scott*, 20 U.S.C.M.A. 264, 43 C.M.R. 104 (1971).

■ While we find compliance with the requirements of *U. S. v. Goode* in this case, the record demonstrates, nevertheless, that staff legal officers would be well advised to thoroughly document the circumstances surrounding the relief of defense counsel prior to completion of the staff legal officer's review and obtain assurances from the accused signifying his acceptance of the services of substitute counsel. *U. S. v. Iverson, supra*.

Finally, appellate defense counsel questions the appropriateness of a bad conduct discharge in this case arguing that the accused is otherwise qualified for administrative separation from the service.

■ Seaman Apprentice Serna stands convicted of a prolonged unauthorized absence exceeding thirteen months duration. He was formerly convicted by special court-martial for unauthorized absence in excess

of two months, for malingering and for forgery of medical records. This record of offenses portrays the type of conduct for which a bad conduct discharge was intended. See paragraph 76a (4), MCM, 1969 (Rev.). On the basis of the record before us we find the sentence to bad conduct discharge entirely appropriate. *U. S. v. Blakely*, 49 C.M.R. 875 (C.G.C.M.R.1975); *U. S. v. Riley*, 1 M.J. 639 (C.G.C.M.R.1975); *U. S. v. Rasmussen*, 4 M.J. 513 (C.G.C.M.R.1977).

The findings of guilty and the sentence are affirmed.

Judges HOLLAND, ALCANTARA and BRIDGMAN concur.