**UNITED STATES**

v.

**Staff Sergeant Amerante R. GONZALES, FR 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 United States Air Force.**

**ACM 23317.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 July 1981.

Decided 23 April 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter and Major Michael J. Hoover.

Before MILES, KASTL and RAICHLE, Appellate Military Judges.

DECISION

RAICHLE, Judge:

Consistent with his plea, the accused was convicted of committing an indecent act upon a female under the age of sixteen, in violation of Article 134 of the Uniform Code of Military Justice (hereinafter, UCMJ), 10 U.S.C. § 934.

In two assigned errors, appellate defense counsel claim that the record of trial is not fully and properly authenticated and that the military judge erred by admitting a referral Airman Performance Report into evidence. We reject the first contention. However, we agree with the second assignment, reassess, and affirm with modification.

The accused's trial was conducted on two separate days approximately two and one half months apart. A preliminary Article 39(a), 10 U.S.C. § 839(a) session was held on 6 May 1981 to determine whether the

accused was able to cooperate in his own defense. After hearing extensive testimony from four doctors covering their observations of the accused as an in-patient at the hospital and during his sanity board, the military judge agreed with defense contentions and granted a continuance until the accused would be competent to stand trial. On 21 July 1981, the trial reconvened with a different military judge. Following that military judge's ruling that the accused was then capable of assisting in his own defense, the trial proceeded to its conclusion that same day. Examination of the record of trial discloses only an authentication by the military judge presiding on 21 July 1981.

Article 54(a), UCMJ, 10 U.S.C. § 854(a), provides, in pertinent part, as follows:

> Each general court-martial shall keep a separate record of the proceedings in each case brought before it, and the record shall be authenticated by the signature of the military judge.

This provision is further explained by paragraph 82*f*, Manual for Courts-Martial, United States, 1969 (Rev.), which states:

> The record in each case shall be authenticated by the signature of the military judge *who was actually present at the conclusion* of the proceedings. [Emphasis added.]

■ It would thus appear that the UCMJ and Manual require the authentication of only one military judge for each record of trial. It is true that Air Force Manual 111–1, Military Justice Guide, paragraph 6–9a, 2 July 1973, Change 1 (25 August 1975), [hereinafter AFM 111–1], states that the authenticating officer must have been present throughout the trial; however, this additional requirement is imposed only by the regulation and is not a Manual or Code requirement. *See United States v. Rougier*, 45 C.M.R. 587 (A.F.C.M.R.1972). The purpose of AFM 111–1 is to assist judge advocate officers and other Air Force personnel in the administration of military justice. Paragraph 6–9a was not intended

to benefit or confer any rights upon an accused. *See United States v. Zilch*, 7 M.J. 708 (A.F.C.M.R.1979), *pet. denied*, 8 M.J. 39 (C.M.A.1979). While it would have been preferable to follow the provisions of AFM 111–1 in this case, the record was in fact authenticated by the military judge who was "actually present at the conclusion of the proceedings" and is thus fully and properly authenticated.*

■ The accused further alleges that the military judge erred by admitting Prosecution Exhibit 2, a referral Airman Performance Report, into evidence. Based on the circumstances of this case, we agree. Reassessing the sentence, we find appropriate only so much as provides for a dishonorable discharge, confinement at hard labor for 3 years and six months, forfeiture of $100 per month for 42 months, and reduction to airman basic.

The findings of guilty and the sentence, as modified, are

AFFIRMED.

MILES, Senior Judge, and KASTL, Judge, concur.

---

* Further, the accused was not harmed. During the first session of the trial the defense motion for continuance was granted by the presiding military judge. Since the defense was successful in its motion, the accused has no basis for complaint on appeal.