**UNITED STATES, Appellee,**

v.

**Private (E–2) Dewayne GHOLSTON, SSN 341–60–5374, United States Army, Appellant.**

**CM 441518.**

U. S. Army Court of Military Review.

19 Jan. 1983.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major James F. Nagle, JAGC, Captain James S. Currie, JAGC, and Captain Guy J. Ferrante, JAGC, were on the pleadings for appellant.

Lieutenant Colonel John T. Edwards, JAGC, Captain Patrick M. Flachs, JAGC, and Captain Paul E. Jordan, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Appellant was convicted, contrary to his pleas, of indecent assault and assault and battery on two female soldiers, and assault on two sentinels in the execution of their duties in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (1976). His sentence, which was approved by the convening authority, consisted of a bad-conduct discharge, confinement at hard labor for three years, total forfeitures, and reduction to Private E–1.

 Appellant contends that the evidence of record is insufficient to support his conviction of all charges. We find that as to those offenses involving the assaults on the female soldiers, the witnesses' testimony was consistent, definitive and credible notwithstanding appellant's testimony to the contrary. Accordingly, we are satisfied, as were the triers of fact, that appellant's guilt of these offenses was established beyond a reasonable doubt.

■ We also find appellant's assertions that the evidence does not support his conviction of the assaults on the sentinels to be without merit with one exception. We hold that Specialist Four Woodard, albeit a sentinel, was not in the execution of his duties at the time appellant assaulted him. The essence of a sentinel's duty which entitles him to the special protected status conferred by paragraph 207*b* (2) of the Manual is "alert watchfulness and steadfastness." *United States v. Hattley,* 3 U.S.C.M.A. 114, 116, 11 C.M.R. 114, 116 (1953) *quoting* W. Winthrop, *Military Law and Precedents* 616 (2d edition 1920). This principle is incorporated in the Manual for Courts-Martial, United States, 1969 (Revised edition) (Change 5, 1 April 1982), paragraph 192, which defines misbehavior of a sentinel in violation of Article 113, Uniform Code of Military Justice, 10 U.S.C. § 913 (1976), as follows:

This article does not include an officer or enlisted person of the guard, or of a ship's watch, not posted or performing the duties of a sentinel or lookout, nor does it include a person whose duties as a watchman or attendant do not require that he be constantly alert.

The facts of the instant case demonstrate that Specialist Woodard was assaulted while enroute to but not at his guard post. Moreover, under the system then in effect for posting guards he was not scheduled to commence guard duty until he relieved another individual fifteen minutes later. Finally, Woodard did not consider himself to be in the execution of guard duties as the assault took place while he was engaged in casual conversation with another sentinel at the latter's guard post. *United States v. Whitehead,* 23 C.M.R. 555 (A.B.R.1957). Such behavior is inconsistent with alertness and is evidence that he was not on guard. Under the circumstances, we find that Woodard was neither at his guard post nor performing the duties of a sentinel. Accordingly, we may only affirm a conviction of the lesser included offense of assault and battery on him.

■ Appellant also contends that his conviction of assault on the sentinels was tainted by the admission into evidence of an unlawful pretrial showup at which he was identified by one of the victims. We find this contention without merit for two reasons. First, we hold that the confrontation between appellant and his victim was, under the circumstances, not so impermissibly suggestive as to be conducive to an irreparable mistaken identification. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Mil.R. Evid. 321(b). Second, assuming it was error to admit such evidence, appellant's failure to object to its admission constitutes waiver. Mil.R.Evid. 321(c)(2)(A).

■ Finally, we reject appellant's contention that his trial defense counsel's failure to make a timely objection to the admission of the identification evidence amounts to ineffective assistance of counsel. In an affidavit filed with this Court, the defense counsel stated, "I felt that the identification was so blatantly suggestive and unreliable that the members would clearly recognize it as such." The affidavit also reflects that defense counsel believed he could impeach the witness by showing his inability to identify appellant at two later lineups and at trial. We find that the decision not to object was a tactical one. As such, we will not second guess appellant's counsel for his action merely because it was not successful. *United States v. Rivas,* 3 M.J. 282 (C.M.A.1977); *United States v. Sublett,* 5 M.J. 570 (A.C.M.R.), *pet. denied,* 5 M.J. 267 (C.M.A.1978).

The remaining assignments of error are also without merit.

Accordingly, only so much of the findings of guilty of Specification 2 of the Additional Charge as finds that the appellant did, on or about 15 March 1981, unlawfully strike Specialist Four Thomas L. Woodard by hitting him in the face and kicking him in the back with shod feet, in violation of Article 128, Uniform Code of Military Justice, is affirmed. The remaining findings of guilty

are affirmed. On the basis of the modified findings as well as the entire record, the sentence is affirmed.

Senior Judge O'DONNELL and Judge FOREMAN concur.